UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Case No.: 17-CV-04792(SJF)(SIL)
CARLOS HERNANDEZ and ENRIQUE MALDONADO,
on behalf of themselves and others similarly situated,

                        Plaintiffs,

            -against-

GARY SIKKA, SANJAY GOYAL, MADHU GOYAL and
ABC CORP. d/b/a MINT GARDEN CITY, JOHN DOE s/h/a
"SONNY", JOHN DOE NO. 2 s/h/a "JOEL",

                        Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


CERTILMAN BALIN ADLER & HYMAN, LLP
90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11756
(516) 296-7000

OF COUNSEL:
      Douglas E. Rowe, Esq.
      Desiree M. Gargano, Esq.


6650260.1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 3

STANDARD OF REVIEW ..................................................................................................... 5

ARGUMENT ......................................................................................................................... 6

PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANTS
GARY SIKKA, SANJAY GOYAL AND MADHU GOYAL BECAUSE THEY ARE NOT
EMPLOYERS UNDER THE FAIR LABOR STANDARDS ACT ................................................. 6

    A.    Madhu Goyal Was Not An Individual Employer Of Plaintiffs, ................................. 8

    B.    Dr. Sanjay Goyal Was Not An Individual Employer Of Plaintiffs. ........................ 10

    C.    Gary Sikka Was Not An Individual Employer Of Plaintiffs. ................................. 14

    D.    Plaintiffs' Claims For Conversion And Unjust Enrichment Must Also Be Dismissed
        Against Madhu Goyal, Dr. Sanjay Goyal And Gary Sikka For The Same Reasons. ........... 17

CONCLUSION ................................................................................................................... 18

6650260.1

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 106 S. Ct. 2505 (1986) ..................................................................................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 106 S. Ct. 1348 (1986) ................................................................................., 5

**Federal Cases**

*Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,*
  515 F.3d 1150 (11th Cir. 2008) ............................................................................................ 12

*Barfield v. New York City Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008).............................................................................................. 6, 7

*BellSouth Telecomms., Inc. v. W.R. Grace & Co.*,
  77 F.3d 603 (2d Cir. 1996)...................................................................................................... 5

*Carter v. Dutchess Community College,*
  735 F.2d 8 (2d Cir.1984)......................................................................................................... 7

*Chao v. Vidtape, Inc.*,
  196 F.Supp. 2d 281 (E.D.N.Y. 2002) ................................................................................... 16

*Copantitla v. Fiskardo Estiatorio, Inc.*,
  788 F. Supp. 2d 253 (S.D.N.Y. 2011).......................................................................... 9, 14, 16

*Dole v. Elliott Travel Tours,*
  942 F.2d 962, 963 (6th Cir.1991) ....................................................................................., 13

*Donovan v. Agnew,*
  712 F.2d 1509 (1st Cir.1983)................................................................................................. 13

*General Star Indem. Co. v. Driven Sports, Inc.*,
  Case No.: 14-CV-3579(JFB)(ARL), 2015 U.S. Dist. LEXIS 7966 (E.D.N.Y. Jan 23, 2015).... 5

*Gengo v. City Univ. of N.Y.*,
  Case No.: 07-CV-681(KAM)(JMA) 2010 U.S. Dist. LEXIS 142330, 2010 WL 6372012
  (E.D.N.Y. Dec. 2, 2010), *aff'd* 479 Fed. Appx. 382 (2d Cir. 2012) .........................,,, 5

6650260.1

*Herman v. RSR Sec. Servs.,*
  172 F.3d 132 (2d Cir.1999)................................................................................... 6, 13, 14

*Hernandez v. La Cazuela de Mari Rest., Inc.,*
  538 F.Supp.2d 528 (E.D.N.Y. 2007) .............................................................................. 8

*Irizarry v. Catsimatidis,*
  722 F.3d 99 (2d Cir. 2013)............................................................................................ 7

*Patel v. Wargo,*
  803 F.2d 632 (11th Cir. 1986) .................................................................................... 12

*Spicer v. Pier Sixty LLC,*
  269 F.R.D. 321 (S.D.N.Y. 2010) .................................................................................. 7

*Tracy v. NVR, Inc.,*
  667 F. Supp. 2d 244 (W.D.N.Y. 2009) ..................................................................... 9, 15

*Wirtz v. Pure Ice Co.,*
  322 F.2d 259 (8th Cir.1963) ....................................................................................... 12

**Statutes**

29 U.S.C. § 203(d) ........................................................................................................ 6

29 U.S.C. §203(a) ......................................................................................................... 6

**Rules**

Fed R. Civ. P. 56(c) ...................................................................................................... 5

**Regulations**

29 C.F.R. § 791.2(a)...................................................................................................... 6

6650260.1

Defendants Gary Sikka, Sanjay Goyal, M.D., incorrectly sued herein as "Sanjay Goyal," Madhu Goyal, Shri Guru Om Inc., incorrectly sued herein as "ABC Corp. d/b/a Mint Garden City", Nisarg Soni, incorrectly sued herein as "John Doe s/h/a 'Sonny,' " and Joyal Gonsalves, incorrectly sued herein as John Doe No. 2 s/h/a "Joel,' " (hereinafter collectively referred to as the "Defendants") respectfully submit this Memorandum of Law, together with the Declaration of Desiree M. Gargano, Esq., dated July 27, 2018 (the "Gargano Decl."), and all of the accompanying exhibits, in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (FRCP), dismissing plaintiffs Carlos Hernandez and Enrique Maldonado's (hereinafter collectively referred to as the "Plaintiffs") complaint as against Madhu Goyal, Sanjay Goyal, M.D. and Gary Sikka in the entirety, and for such other and further relief as this Court deems just, equitable and proper.

## PRELIMINARY STATEMENT

On or about August 17, 2017, Plaintiffs commenced this action by filing a complaint seeking damages for alleged unpaid overtime and unpaid wages in violation of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Gargano Decl, at ¶ 3, Exhibit A. Briefly, this action concerns Plaintiffs' employment for Shri Guru Om Inc., d/b/a Mint (hereinafter "Mint Restaurant"), whereby Plaintiffs were paid on an hourly basis and each performed the duties of a kitchen helper. *Id.* Despite Plaintiffs' respective years of employment without complaint about their wages, Plaintiffs are now attempting to postulate that they both performed work for which they were not compensated and are owed wages for overtime hours worked. *Id.* As part of their claims against Mint Restaurant, Plaintiffs, through their counsel, have attempted to assert claims for individual liability against Madhu Goyal (hereinafter

1

"Madhu"), Sanjay Goyal, M.D. (hereinafter "Dr. Goyal") and Gary Sikka (hereinafter "Gary") as the purported owners of Mint Restaurant. *Id.* Notwithstanding notice that Gary and Madhu are not, and have never been, owners of Mint Restaurant and despite Plaintiffs' testimony during sworn depositions regarding the lack of connection between Plaintiffs and individual defendants Madhu, Dr. Goyal and Gary, Plaintiffs' counsel has refused to withdraw the baseless claims contained in the complaint.[1] Gargano Decl, at ¶ 10.

A person must be an employer as defined by the FLSA in order to be liable for claims asserted by employees under that statute. The issue addressed by Defendants' motion herein is whether the alleged individual employers had the power to control the employees in question, while considering the "economic realities" of each case. The relevant factors for the Court to consider are whether the alleged individual employers (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Notably, the economic reality test encompasses the totality of the circumstances. In addition, Courts have interpreted the NYLL to have the same definition of employer as the FLSA.

In sum, there is no genuine issue of material fact in connection with the claims against Madhu, Dr. Goyal and Gary that requires a trial in this matter despite Plaintiffs' attempts to manufacture an issue of fact at depositions. Discovery in this action has indisputably confirmed that neither Madhu, Dr. Goyal nor Gary exerted any control or authority over the terms and/or conditions of Plaintiffs' employment with Mint Restaurant. As such, Defendants are entitled to

---

[1] Plaintiffs' counsel conceded on numerous occasions that he does not intend to pursue the action as against Madhu Goyal; however, Plaintiffs' counsel has refused to sign a stipulation to release Madhu from the action. Gargano Decl, at ¶ 11.

2

summary judgment dismissing the Plaintiffs' complaint against Madhu, Dr. Goyal and Gary in the entirety.

## STATEMENT OF FACTS

Mint Restaurant has been in business since 2011.  Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment Against Plaintiffs, dated July 27, 2018 (hereinafter "Statement of Material Facts"), at ¶ 5.  Mint Restaurant is co-owned by Manmeet Sikka, a/k/a Rubal (hereinafter "Rubal") and defendant Dr. Goyal who each hold equal 50% shares in the company.  *Id.*, at ¶ 31.  Since the inception of the business, Rubal and Dr. Goyal agreed that Dr. Goyal would not be involved in the day-to-day operations of Mint Restaurant and that Dr. Goyal would be more akin to a silent investor.  *Id.*, at ¶ 33.  In furtherance of this arrangement, Dr. Goyal has never signed any check on behalf of Mint Restaurant, has never hired or fired any employees, has never supervised or controlled any employee work schedules or conditions of employment, has never determined the rate and/or method of payment of wages for any employee, and has never maintained any employment records for any of the employees of Mint Restaurant. *Id.*, at ¶¶ 33-56.

In addition to his ownership interest in Mint Restaurant, Dr. Goyal is an endocrinologist and operates his own medical practice located in Baldwin, New York.  Statement of Material Facts, at ¶ 30.  Although Dr. Goyal does not participate in the operation of Mint Restaurant, he does, on occasion, visit Mint Restaurant as a dinner patron after a full day of work at his medical practice. *Id.*, at ¶ 34.

Neither Madhu nor Gary have ever had any ownership interest in Mint Restaurant. Statement of Material Facts, at ¶¶ 12 and 58.  Gary is Rubal's father and performs work for Mint

3

Restaurant by booking private events. *Id.*, at ¶¶ 57-61.   Madhu is the wife of Dr. Goyal and has occasionally worked at Mint Restaurant helping in the front of the restaurant with the service of customers.  *Id.*, at ¶¶ 14-15.

Plaintiffs were both hired to work at Mint Restaurant as kitchen helpers by the chef, Joyal Gonsalves, incorrectly sued herein as John Doe No. 2 s/h/a "Joel' " (hereinafter "Joyal"). Statement of Material Facts, at ¶¶ 8 and 10.   While employed at Mint Restaurant, Plaintiffs' work was directly supervised by the manager Nisarg Soni, incorrectly sued herein as "John Doe s/h/a 'Sonny' " (hereinafter "Soni"), and the chef Joyal.  *Id.*, at ¶¶ 9 and 11.  Plaintiffs further testified that they do not speak English and have never engaged in any conversation with Madhu, Dr. Goyal or Gary.  *Id.*, at ¶¶ 81-92.

Plaintiffs' erroneous belief that Gary has some sort of authority over their employment at Mint Restaurant is based solely on the fact that Gary is Rubal's father.  Statement of Material Facts, at ¶ 57.  Neither of the Plaintiffs have ever spoken to Gary or received any direction or work-related instructions from Gary.  *Id.*, at ¶¶ 89 and 92.  In addition, Gary did not supervise Plaintiffs' work, did not control Plaintiffs' work schedules, did not determine Plaintiffs' rates of pay or method of payment and did not maintain any employment records in connection with Plaintiffs' employment at Mint Restaurant.   *Id.*, at ¶¶ 68-80.  Gary was simply Plaintiffs' co-worker and the father of Rubal.   *Id.*, at ¶¶ 57-80.

Conspicuously, when Plaintiffs were asked at their depositions: Who is Madhu Goyal? and Who is Sanjay Goyal? - both Plaintiffs were unable to identify either Madhu or Dr. Goyal. Statement of Material Facts, at ¶¶ 87-91.  Plaintiffs conceded in their sworn depositions that they have never spoken with, taken direction from, or received any wages from either Madhu or her husband, Dr. Goyal.  *Id.*

4

## STANDARD OF REVIEW

The standards governing motions for summary judgment are well-settled. A court may grant summary judgment only where there is no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. *See* Fed R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *see also Gengo v. City Univ. of N.Y.*, Case No.: 07-CV-681(KAM)(JMA) 2010 U.S. Dist. LEXIS 142330, 9, 2010 WL 6372012 (E.D.N.Y. Dec. 2, 2010), *aff'd* 479 Fed. Appx. 382 (2d Cir. 2012). Accordingly, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). There must be sufficient evidence in the record to support a jury verdict in the non-moving party's favor to create an issue for trial. *See id.*

To defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. As the Supreme Court stated in *Anderson*, "if the evidence is merely colorable, … or is not significantly probative, … summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). The non-moving party "may not rest upon mere conclusory allegations or denials to defeat the motion, but rather must provide 'concrete particulars' showing that trial is needed." *General Star Indem. Co. v. Driven Sports, Inc.*, Case No.: 14-CV-3579(JFB)(ARL), 2015 U.S. Dist. LEXIS 7966, 12 (E.D.N.Y. Jan 23, 2015) (quoting *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984)). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

5

6650260.1

## ARGUMENT

## PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANTS GARY SIKKA, SANJAY GOYAL AND MADHU GOYAL BECAUSE THEY ARE NOT EMPLOYERS UNDER THE FAIR LABOR STANDARDS ACT.

The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," 29 U.S.C. §203(a), (d), and an individual may be employed by more than one employer, 29 C.F.R. § 791.2(a). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir.1999). In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Id.* (internal citations omitted).

The United States Supreme Court "has instructed that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts, determined by reference not to 'isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Following this standard, the Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances"; the Second Circuit has "identified different sets of relevant factors based on the factual challenges posed by particular cases." *Barfield,* 537 F.3d at 141–42.

In *Carter v. Dutchess Community College,* 735 F.2d 8 (2d Cir.1984), the Second Circuit identified a four-factor test for courts to determine the question of whether a defendant is an "employer": "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield*, 537 F.3d at 142 (quoting *Carter*, 735 F.2d at 12).

Although the Court in the *Carter* and *Barfield* cases cited above did not specifically deal with the question of whether an individual within a company is personally liable for damages as a plaintiff's "employer," the Second Circuit still relies on the foregoing four-factor test along with additional factors relating to an individual's authority or "operational control" over a company to determine individual liability under the FLSA. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 105–06 (2d Cir. 2013) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 135 (2d Cir. 1999), *holding modified by Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003)).

When determining operational control, the Second Circuit has made clear that "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status. Instead, to to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment. *Irizarry*, 722 F.3d at 109.

Furthermore, the definition of "employer" under the New York Labor Law is coextensive with the definition used by the FLSA. *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y. 2010); *see also Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F.Supp.2d 528, 534-

7

35 (E.D.N.Y. 2007).  For this reason, all arguments contained in the following sections should construed as made in connection with both the FLSA and NYLL.

As explained in further detail below, it is irrefutable that neither Madhu, Dr. Goyal nor Gary meet the four-factor test in *Carter* or had operational control sufficient to establish individual liability under FLSA. For these reasons, Defendants' motion for summary judgment against Plaintiffs should be granted in its entirety and Plaintiffs' complaint should be dismissed as against Madhu, Dr. Goyal and Gary.

### A.  **Madhu Goyal Was Not An Individual Employer Of Plaintiffs.**

As an initial matter, contrary to Plaintiffs' baseless allegations, it is irrefutable that Madhu was not and is not an owner or shareholder of Mint Restaurant.  Statement of Material Facts, at ¶ 12.  Plaintiffs' futile attempt to tie Madhu to Mint Restaurant as an owner is based on nothing more than threadbare assumptions relating to Madhu being the wife of one of the owners and a purported magazine or newspaper article found by Plaintiffs' counsel—not found, read or relied upon by Plaintiffs, and never produced in discovery[2]—which published a picture of Madhu with her husband Dr. Goyal and/or Gary mistakenly indicating that all the individuals in the picture were owners of Mint Restaurant.  Although Madhu herself worked for Mint Restaurant occasionally helping serve guests, is married to one of the owners, Dr. Goyal, and may have been photographed at an event hosted at Mint Restaurant, Madhu has never held any ownership interest in Mint Restaurant and did not get any power or authority in Mint Restaurant as a result of her marriage to Dr. Goyal.  Statement of Material Facts, at ¶ 12.  Nonetheless, an

---

[2] Plaintiffs' counsel attempted to create an issue concerning ownership of Mint Restaurant during deposition of the Defendants by marking as exhibits and asking questions about articles purportedly published about Mint Restaurant without producing such documents during discovery and without establishing the authenticity or accuracy of same.

8

individual is not an employer simply because he/she own shares; rather, the issue is the level of control the alleged employer has over workers. *See Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 311 (S.D.N.Y. 2011) (granting sole shareholder's summary judgment motion that she not an employer). Bare allegations of an individual's control over employees that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an employer under the established economic reality test. *See Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 246 (W.D.N.Y. 2009) (dismissing complaint that insufficiently alleged facts regarding defendant's control over plaintiff).

Madhu's employment and duties at Mint Restaurant do not satisfy any of the factors in the *Carter* four-factor test. In contrast with the allegations contained in the complaint and manufactured by Plaintiffs' counsel without any factual basis, Plaintiffs each testified during their sworn depositions that they do not know Madhu and have never communicated with her. Statement of Material Facts, at ¶¶ 87 and 90. Madhu did not hire or fire either of the Plaintiffs, did not supervise Plaintiffs, did not control Plaintiffs' work schedules, did not determine the rates of pay or method of payment of Plaintiffs' wages and did not maintain Plaintiffs' employment records for Mint Restaurant. *Id.*, at ¶¶ 16-29.

Not only does Plaintiffs' claim fail based on the *Carter* four-factor test, but there is no question that Madhu did not have operational control as she did not possess any control over Mint Restaurant's "operations" in any manner that relates to either Plaintiffs' employment. Statement of Material Facts, at ¶¶ 12-29. Both Plaintiffs' sworn testimony bears clear that Plaintiffs never spoke to Madhu and did not even know who she was throughout the course of this entire litigation. *Id.*, at ¶¶ 87 and 90. It is incontrovertible, Plaintiffs have never received any orders or direction from Madhu and, in fact, never communicated with Madhu at all. *Id.*

6650260.1

Madhu is not an employer of Plaintiffs because she did not exercise any control over them whatsoever.  Plaintiffs' testimony shows that Defendants Soni and Joyal were Plaintiffs' direct supervisors and that, together with Rubal, these were the only individuals who ever had any control over Plaintiffs' employment.  Plaintiffs' counsel has acknowledged in numerous conversations with Defendants' counsel that Plaintiffs do not intend to pursue their claims against Madhu.  Gargano Decl., at ¶11.  Moreover, Plaintiffs' counsel chose to forego deposing Madhu based on the clear and unambiguous evidence that Madhu had no connection to Plaintiffs' employment whatsoever.  *Id.*  Remarkably, despite such acknowledgment, Plaintiffs' counsel refused to execute a stipulation releasing Madhu from this action amicably without costly and unnecessary motion practice, thereby forcing Defendants to expend time and money to make this motion for summary judgment against Plaintiffs.  *Id.*, at ¶¶ 10-11.

There is no issue of material fact regarding Madhu's lack of control over Plaintiffs' employment and Plaintiffs have not made any factual showings to demonstrate that Madhu engaged in sufficient control over Plaintiffs to be considered their employer.  Therefore, the Court should grant Defendants' motion for summary judgment and dismiss Plaintiffs' action as against Madhu in the entirety.

**B.  Dr. Sanjay Goyal Was Not An Individual Employer Of Plaintiffs.**

Dr. Goyal owns a 50% interest in Mint Restaurant purely as an investor.  Statement of Material Facts, at ¶¶ 31-33.  In addition to his investment interest in Mint Restaurant, Dr. Goyal is an endocrinologist and operates his own medical practice located in Baldwin, New York.  *Id.*, at ¶ 30.  From the inception of Mint Restaurant, Dr. Goyal has never been involved in the day-to-

6650260.1

day operations of Mint Restaurant and simply visits Mint Restaurant to enjoy a meal after a full day of work at his medical practice.  *Id.*, at ¶¶ 33-34.

Plaintiffs contend that simply because Dr. Goyal is a shareholder of Mint Restaurant and visits the restaurant for evening meals, Dr. Goyal somehow has operational control and is personally liable for Plaintiffs' wage claims as an employer under the FLSA.  However, the *Carter* four-factor test does not favor a finding that Dr. Goyal is Plaintiffs' employer.

On the first factor, Plaintiffs testified that it was not Dr. Goyal who hired them or terminated their employment with Mint Restaurant.  Statement of Material Facts, at ¶¶ 38-43. During Dr. Goyal's deposition, he testified that he had never met either of the Plaintiffs, did not know who they were and was not involved in any decision to hire Plaintiffs as kitchen helpers. *Id.*, at ¶¶ 36-40.  Plaintiffs have not provided any evidence indicating that Dr. Goyal takes any role with respect to hiring or firing of any Mint Restaurant employees, including Plaintiffs.

On the second factor, Dr. Goyal testified that he did not supervise Plaintiffs or any other employees and had no control over Plaintiffs' work schedules.  Statement of Material Facts, at ¶¶ 44-45.  Plaintiffs have not provided any evidence or testimony to the contrary and have instead conceded that neither of them has ever had any communication with Dr. Goyal whatsoever.  *Id.*, at ¶¶ 88 and 91.

On the third factor, it is irrefutable that Dr. Goyal did not determine the rates of pay or method of payment of wages for any employees, including Plaintiffs.  Plaintiffs plainly testified that all communications concerning their wages and wages received came directly and solely from Rubal.  Statement of Material Facts, at ¶¶ 48-53.  Dr. Goyal confirmed in his deposition that he plays no role in determining or distributing employees' wages.  *Id.*

11

6650260.1

On the fourth and final factor, Dr. Goyal testified that he has never maintained Plaintiffs' employment records nor any employment records for any employees of Mint Restaurant. Statement of Material Facts, at ¶¶ 54-56.  Dr. Goyal explained these records are created, maintained and kept by Rubal at Mint Restaurant.  *Id.*  During Rubal's depositions, he confirmed that he maintains the employment records in connection with Plaintiffs' employment and that Dr. Goyal is not involved in any record keeping or employment operations with Mint Restaurant.  *Id.*

As to Dr. Goyal's status as a shareholder and corporate officer of Mint Restaurant, the federal courts that have addressed the question of whether stock ownership or a position as corporate officer in and of themselves make an individual an employer under the FLSA have answered the question in the negative.  *See Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1160–62 (11th Cir. 2008) (finding that majority stockholder who "did not take . . . an active role in the day-to-day operations" of the business and whose sons "exercised considerable control . . . since 1998, the year [the majority stockholder] had a heart attack" was not an employer under the FLSA even though he "remained the designated managing agent" and "could have played a greater role in the day-to-day operations of the [business] if he had desired"); *Patel v. Wargo,* 803 F.2d 632, 637–38 (11th Cir. 1986) (finding that president, director, and principal stockholder was not an employer because "[t]o be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee," both of which were lacking for the individual in question); *Wirtz v. Pure Ice Co.,* 322 F.2d 259, 262–63 (8th Cir.1963) (finding that "majority stockholder and dominant personality" in corporation "could have taken over and supervised the relationship between the corporation and its employees had he decided to do so" but that "[a] careful reading of the record . . . indicates that he did not do so" and therefore he was not an employer under the

12

FLSA). Courts that have found majority or sole shareholders liable have not relied solely on shareholder status, but have looked also to the degree of operational control a shareholder exerts over the corporation's functions. *See RSR Sec. Servs.,* 172 F.3d at 141 ("Portnoy was, of course, not only a 50 percent stockowner; he had direct involvement with the security guard operations from time to time and was generally involved with all of RSR's operations."); *Dole v. Elliott Travel Tours,* 942 F.2d 962, 963, 966 (6th Cir.1991) (noting, in a case where "Jared Schubiner owns, jointly with his wife, 100 percent of the stock of Elliott Travel, and he is the president of the corporation," that "[t]he economic realities of this case indicate that Schubiner was an employer within the meaning of the FLSA, and he is chargeable with personal liability for failure to comply with the FLSA" because "Schubiner was the chief corporate officer, had a significant ownership interest in the corporation, and had control over significant aspects of the corporation's day-to-day functions, including determining employee salaries"); *cf. Donovan v. Agnew,* 712 F.2d 1509, 1513 (1st Cir.1983) ("We agree that it should not lightly be inferred that Congress intended to disregard in this context the shield from personal liability which is one of the major purposes of doing business in a corporate form. It is difficult to accept . . . that Congress intended that any corporate officer or other employee with ultimate operational control over payroll matters be personally liable for the corporation's failure to pay minimum and overtime wages as required by the FLSA.").

Accordingly, Plaintiffs' reliance on Dr. Goyal's status as a 50% shareholder of Mint Restaurant appears misplaced, especially since, in answering the questions of whether an individual in an employer under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question." *RSR Sec. Servs.*, 172 F.3d at

13

139.  For the foregoing reasons, the Court should grant Defendants' motion for summary judgment against the Plaintiffs and dismiss the action as against Dr. Goyal in the entirety.

## C.  Gary Sikka Was Not An Individual Employer Of Plaintiffs.

Similar to Madhu, it is indisputable that Gary is not and has never been an owner or shareholder of Mint Restaurant.  Statement of Material Facts, at ¶ 58.  Plaintiffs' contention that Gary owns and runs Mint Restaurant is farcical and purely speculative.  The reasoning behind Plaintiffs' meritless allegations is based on Gary's familial relationship with one of the owners and the purported magazine or newspaper article found by Plaintiffs' counsel mistakenly indicating that Gary and Madhu were both owners of Mint Restaurant.  Regardless of the work Gary has performed at Mint Restaurant booking private events, he has never held any ownership interest in Mint Restaurant and did not exhibit any control or supervision over the terms or conditions of Plaintiffs' employment.  *Id.*, at 57-80.

As noted in Point I.(A) above, even if Gary were an owner or shareholder of Mint Restaurant, which he is not, an individual is not an employer simply because he or she owns shares; rather, the issue is the level of control the alleged employer has over workers.  *See Copantitla*, 788 F. at 311 (S.D.N.Y. 2011) (granting sole shareholder's summary judgment motion that she not an employer).

Just like Madhu, Gary's employment and duties at Mint Restaurant do not satisfy any of the factors in the *Carter* four-factor test.  As to the first factor, Gary did not hire or fire either of the Plaintiffs and, in fact, did not have the authority to take any such actions.  Statement of Material Facts, at ¶¶ 62-67.  Plaintiffs' bare allegations of Gary's purported control over employees that are based solely upon Gary's familial relationship to one of the owners and

14

presumed duties are insufficient to establish that Gary is an employer. *See NVR, Inc.*, 667 F. Supp. 2d at 246 (dismissing complaint that insufficiently alleged facts regarding defendant's control over plaintiff). Plaintiffs both testified that Gary was not the individual who hired them; Gary confirmed during his deposition that he played no role in the decision to hire Plaintiffs in the kitchen of Mint Restaurant. Statement of Material Facts, at ¶¶ 62-67. Furthermore, Gary did not fire either of the Plaintiffs and does not have the authority to make such decision in connection with any employee of Mint Restaurant. *Id.*

As to the second factor, Gary did not supervise Plaintiffs or any other employees and had no control over Plaintiffs' work schedules. Statement of Material Facts, at ¶¶ 68-71. Although plaintiff Hernandez attempted to assert that Gary provides direction in the kitchen, Hernandez conceded that Gary has never spoken directly to Hernandez or instructed Hernandez to complete any tasks. *Id.*, at ¶ 89. Hernandez testified that he has only seen Gary speak to Joyal and Hernandez can only assume that Gary provides Joyal work instructions as Hernandez does not speak English. *Id.* Likewise, plaintiff Maldonado testified that he has never spoken with or received any direction from Gary in connection with his work or otherwise. *Id.* at 92.

As to the third factor, Gary did not determine the rates of pay or method of payment of wages for any employees, including Plaintiffs. Statement of Material Facts, at ¶¶ 72-77. Plaintiffs testified that they received their wages directly from Rubal each week. *Id.* Gary did not have the authority to participate in determining the rates of pay or methods of payment for either of the Plaintiffs. *Id.* Gary's only duties at Mint Restaurant involved the booking of private events. *Id.*, at ¶ 61.

As to the final factor, Gary has never maintained Plaintiffs' employment records or any employment records for any employees of Mint Restaurant. Statement of Material Facts, at ¶¶

15

78-80.   Plaintiffs' accusations that Gary is an owner, corporate office or manager of Mint Restaurant and was responsible for maintaining Plaintiffs' employment records is simply without merit and should not be given any credence by the Court.   There has been no evidence presented by Plaintiffs or provided by Defendants at any point during discovery that would support a finding at trial that Gary had any duty or responsibility whatsoever to maintain Plaintiffs' employment records.

Not only does Plaintiffs' claim fail based on the *Carter* four-factor test, but there is no question that Gary did not have operational control as he simply did not possess control over Mint Restaurant's "operations" in a manner that relates to either Plaintiffs' employment.

It is axiomatic that an employer has to exert control over the employee.   Even if Plaintiffs witnessed Gary speaking with Joyal in the kitchen of Mint Restaurant, simply telling another employee how the restaurant could be improved is not sufficient to meet this standard.   *See Copantitla*, 788 F.Supp.2d at 269 and 314 (sole shareholder not an employer even though she made recommendations about food and ambiance).   Even giving employees occasional orders or directions is not sufficient control to result in liability.   *See Chao v. Vidtape, Inc.*, 196 F.Supp. 2d 281, 291 (E.D.N.Y. 2002).   Notably, both Plaintiffs' sworn testimony bares clear that Plaintiffs never asked Gary for time off or a raise, never received wages from Gary, never discussed their wages with Gary, never received any orders or direction from Gary and, in fact, never communicated with Gary at all.   Statemetn of Material Facts, at ¶ 89 and 92.   Plaintiffs' simply knew Gary as the father of the owner Rubal and assumed that meant Gary had some form of unknown authority in Mint Restaurant.

Gary is not an employer of Plaintiffs because he did not exercise any control over them whatsoever.   Plaintiffs' testimony shows that defendants Soni and Joyal were Plaintiffs' direct

16

supervisors and that, together with Rubal, these were the only individuals who ever had any control over Plaintiffs' employment.

There is no issue of material fact regarding Gary's lack of control over Plaintiffs' employment and Plaintiffs have not made any factual showings necessary to show that Gary demonstrated sufficient control over Plaintiffs to be considered their employer. Consequently, the Court should grant Defendants' motion for summary judgment against Plaintiffs and dismiss Plaintiffs' action as against Gary in the entirety.

### D. Plaintiffs' Claims For Conversion And Unjust Enrichment Must Also Be Dismissed Against Madhu Goyal, Dr. Sanjay Goyal And Gary Sikka For The Same Reasons.

Plaintiffs' claims for conversion and unjust enrichment are based on the same factual premises as Plaintiffs' wage and overtime claims. *See* Gargano Decl., Exhibit A. Plaintiffs' complaint fails to assert any facts that would support an independent claim for either conversion or unjust enrichment against Madhu, Dr. Goyal and/or Gary. Therefore, Plaintiffs' claims for conversion and unjust enrichment should be dismissed for the same reasons asserted in Points I(A), (B) and (C) above.

17

## CONCLUSION

Based on the foregoing, together with the accompanying Statement of Undisputed Facts and supporting Declaration of Desiree M. Gargano, Esq. and all exhibits annexed thereto, Defendants' motion for summary judgment should be granted in its entirety as the uncontroverted facts conclusively demonstrate that neither Gary Sikka, Sanjay Goyal nor Madhu Goyal were individual employers under the Fair Labor Standards Act and New York Labor Law, and thus, Plaintiffs cannot maintain claims against Gary Sikka, Sanjay Goyal and/or Madhu Goyal for individual liability.

Dated: East Meadow, New York
July 27, 2018

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
Desiree M. Gargano, Esq.
Douglas E. Rowe, Esq.
*Attorneys for Defendants*
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000
dgargano@certilmanbalin.com
drowe@certilmanbalin.com

To:     **MONTEIRO & FISHMAN LLP**
*Attorney for Plaintiffs*
91 N. Franklin Street, Suite 108
Hempstead, NY 11550
516-280-4600
Attn.: Marcus Monteiro, Esq.
mmonteiro@mflawny.com

18

## ATTORNEY'S DECLARATION OF SERVICE

DESIREE M. GARGANO, ESQ., an attorney at law admitted to practice before this Court, affirms as follows:

On the 27th day of July, 2018, I served a true and correct copy of the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** upon:

Marcus Monteiro, Esq.
MONTEIRO & FISHMAN LLP
91 N. Franklin Street, Suite 108
Hempstead, NY 11550
(516) 280-4600

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of Federal Express for overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 27, 2018
East Meadow, New York

_____
DESIREE M. GARGANO, ESQ.

6657540.1