

**New York State Department of Labor**
**Andrew M. Cuomo,** *Governor*
**Roberta Reardon,** *Commissioner*

**Date: October 11, 2016**

Bhupinder Singh Sikka
A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge)
150 E 50th Street
New York, NY 10022

**Refer to: Order to Comply No.**
**16-00335**

## NOTICE

The attached Order(s) to Comply list(s) wages due and owing, interest assessed to the date of the Order, and any civil penalty assessed.

The law requires interest to accrue until payment is received; however, satisfactory compliance with this Order will be met if the total amount due including interest and any civil penalty is paid within 10 days of the receipt of the Order(s). Your check or money order for the total amount including interest and any civil penalty should be made payable to the "Commissioner of Labor" and submitted in the self-addressed envelope enclosed.

If you have any questions regarding the attached Order(s), please contact Supervising Investigator, New York State Department of Labor, Division of Labor Standards, Monetary Services, State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240.

For the Commissioner of Labor

*Maura McCann*

Maura McCann, Acting Director
Division of Labor Standards

**Attachment**

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

www.labor.state.ny.us                    **MINT 000761**



**New York State Department of Labor**
**Andrew M. Cuomo,** *Governor*
**Roberta Reardon,** *Commissioner*

**Date: October 11, 2016**

## ORDER TO COMPLY WITH ARTICLE 19
## OF THE NEW YORK STATE LABOR LAW

**Refer to: Order to Comply No.**
**16-00335**

Bhupinder Singh Sikka
A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge)
150 E 50th Street
New York, NY 10022

| | |
|---|---|
| Minimum Wage: | **$19,528.30** |
| Interest at 16.0%: | **$2,656.23** |
| Liquidated Damages 100.0% | **$19,528.30** |
| Civil Penalty: | **$19,528.30** |
| Total Due: | **$61,241.13** |

Upon investigation the Commissioner of Labor FINDS:

A. At all times mentioned in this Order the above named was an Employer as defined in Section 651.6 of the New York State Labor Law and conducted business at the above address.

B. Said Employer employed the person(s) named on the attached Schedule of Underpayments for the periods set forth therein, in occupations which were subject to the provisions of Section 652 of the New York State Labor Law.

C. The aforesaid employment was subject to Article 19 of the New York State Labor Law and the Minimum Wage Order of Title 12 NYCRR Part No.146. During the designated period the Employer paid the named employee(s) a wage rate below the minimum prescribed in such Minimum Wage Order.

D. There is due and owing by the Employer to the said employee(s) the sum as indicated above for underpayment of wages.

E. There is also due and owing by the Employer to the said employee(s) interest at the above rate to the above date in the sum indicated above, which shall continue to accrue at the said rate until the aforesaid wages are paid.

F. There is also due and owing by the Employer to the said employee(s) liquidated damages in the amount of one hundred (100) percent of wages due and owing.

G. There is due and owing by the Employer to the Commissioner of Labor a civil penalty in the above amount. In determining the penalty the following have been given due consideration: the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations and the failure to comply with record keeping or other non-wage requirements as revealed by an investigation conducted by the Division of Labor Standards.

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

www.labor.state.ny.us                                                                 **MINT 000762**



**New York State Department of Labor**
**Andrew M. Cuomo,** *Governor*
**Roberta Reardon,** *Commissioner*

**Date: October 11, 2016**

**Schedule of Minimum Wage Underpayments**

**Refer to: Order to Comply No.**
**16-00335**

**NAME OF EMPLOYER AND ADDRESS OF PLACE OF EMPLOYMENT**
Bhupinder Singh Sikka
A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge)
150 E 50th Street
New York, NY 10022

| NAME, ADDRESS, SS#, & ID# OF EMPLOYEE | OCCUPATIONAL CLASSIFICATION | PERIOD COVERING | | TOTAL DUE |
|---|---|---|---|---|
| | | **FROM** | **TO** | |
| Dewan, Laxmi<br>37-63 63rd St.<br>1st floor<br>Woodside NY 11377<br>LCT1526841 | Busboy | 11/16/2015 | 12/06/2015 | $52.50 |
| Galvez Estrada, Santiago<br>83-20 Petit Ave<br>#2<br>Elmhurst NY 11373<br>LCT1516538 | Dishwasher | 09/09/2015 | 09/14/2015 | $75.00 |
| Gomez, Anup<br>40-40 79th Street<br>Apt. B408<br>Elmhurst NY 11373<br>LCT1527701 | Cook | 12/03/2012 | 12/03/2015 | $19,400.80 |
| TOTAL | | | | $19,528.30 |

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

MINT 000763

 **New York State Department of Labor**
**Andrew M. Cuomo,** *Governor*
**Roberta Reardon,** *Commissioner*

**Date: October 11, 2016**

## ORDER TO COMPLY WITH ARTICLE 6
## OF THE NEW YORK STATE LABOR LAW

**Refer to: Order to Comply No.**
**16-00335**

Bhupinder Singh Sikka
A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge)
150 E 50th Street
New York, NY 10022

| | |
|---|---:|
| Wage Claim: | **$490.00** |
| Interest at 16.0%: | **$81.62** |
| Liquidated Damages 100.0% | **$490.00** |
| Civil Penalty: | **$490.00** |
| Total Due: | **$1,551.62** |

Upon investigation the Commissioner of Labor FINDS:

A.   At all times mentioned in this Order the above named was an Employer as defined in Section 190.3 of the New York State Labor Law and conducted business at the above address.

B.   Said Employer employed the person(s) named on the attached Schedule of Unpaid Wages for the period set forth therein, in occupations which were subject to the provisions of Section 191 of the New York State Labor Law.

C.   Said Employer failed to pay the wages earned or payable for the periods designated in the attached schedule at the time that payment was required by law.

D.   There is due and owing by the Employer to the said employee(s) the sum as indicated above for the unpaid wages.

E.   There is also due and owing by the Employer to the said employee(s) interest at the above rate to the above date in the sum indicated above, which shall continue to accrue at the said rate until the aforesaid wages are paid.

F.   There is also due and owing by the Employer to the said employee(s) liquidated damages in the amount of twenty five (100) percent of wages due and owing.

G.   There is due and owing by the Employer to the Commissioner of Labor a civil penalty in the above amount.  In determining the penalty the following have been given due consideration:  the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations and the failure to comply with record keeping or other non-wage requirements as revealed by an investigation conducted by the Division of Labor Standards.

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

**MINT 000764**



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Roberta Reardon, *Commissioner*

**Date: October 11, 2016**

**Schedule of Wages**

**Refer to: Order to Comply No.
16-00335**

**NAME OF EMPLOYER AND ADDRESS OF PLACE OF EMPLOYMENT**
Bhupinder Singh Sikka
A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge)
150 E 50th Street
New York, NY 10022

| NAME, ADDRESS, SS#, & ID# OF EMPLOYEE | OCCUPATIONAL CLASSIFICATION | PERIOD COVERING | | TOTAL DUE |
|---|---|---|---|---|
| | | **FROM** | **TO** | |
| Galvez Estrada, Santiago 83-20 Petit Ave #2 Elmhurst NY  11373 LCT1516538 | Dishwasher | 09/09/2015 | 09/14/2015 | $490.00 |
| **TOTAL** | | | | $490.00 |

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B,  Albany, NY 12240

MINT 000765



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Roberta Reardon, *Commissioner*

**Date: October 11, 2016**

## ORDER UNDER ARTICLE 19
## OF THE NEW YORK STATE LABOR LAW

**Refer to: Order to Comply No.
16-00335**

Bhupinder Singh Sikka
A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge)
150 E 50th Street
New York, NY 10022

**Civil Penalties:**

| | | |
|---|---|---|
| Count 1 | - | $3,000.00 |
| Count 2 | - | $2,000.00 |
| Count 3 | - | $800.00 |
| Total | - | $5,800.00 |

Upon investigation the Commissioner of Labor FINDS:

A. At all times mentioned in this Order, the above named was an employer as defined in New York State Labor Law and conducted business at the above address.

B. Said employer employed employees as defined in New York State Labor Law.

### Count 1

C. That said employer violated section 661 of Article 19 of the New York State Labor Law as supplemented by the Hospitality Industry Wage Order, Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations, Section 2.1, by failing to keep and/or furnish true and accurate payroll records for each employee. Said employer was duly requested to provide payroll records for the period of time from on or about December 3, 2012 through December 6, 2015.

### Count 2

D. That said employer violated Section 661 of Article 19 of the New York State Labor Law as supplemented by the Hospitality Industry Wage Order, Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations, Section 2.3 by failing to furnish to each employee a statement with every payment of wages, listing the hours worked, rates paid, gross wages earned, any allowances claimed, deductions and net wages during the period from on or about December 3, 2012 through December 6, 2015.

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

MINT 000766



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Roberta Reardon, *Commissioner*

**Refer to: 16-00335**

## Count 3

E. That said employer violated Section 661 of Article 19 of the New York State Labor Law as supplemented by the Hospitality Industry Wage Order, Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations, Section 2.2 by failing to furnish to each employee at the start of employment, written notice in English and any other language spoken by the new employee as their primary language, of the employee's regular hourly rate of pay, overtime hourly rate of pay, the amount of tip credit, if taken and the regular payday. Said employer failed to furnish this notice during the period from on or about December 3, 2012 through December 6, 2015.

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

www.labor.state.ny.us                                          MINT 000767



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Roberta Reardon, *Commissioner*

Order to Comply No.
16-00335

NOW, upon the foregoing findings and giving due consideration to the statutory criteria of the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations, as revealed by the investigation of the division of Labor Standards and reports of any conferences with the employer, and by the authority of section 218 of the Labor Law, it is hereby

ORDERED, that the employer comply with the provisions of the Labor Law by remitting to the Commissioner of Labor the total sum as indicated above, for any wages due, plus interest and/or civil penalties assessed, to be disbursed according to law, and it is further

ORDERED that, in the event that the wages due, interest thereon, liquidated damages and the civil penalty assessed are not paid within 60 days following the service of a certified copy of this Order upon the employer, and no petition has been filed by the employer with the Industrial Board of Appeals for review of this determination, said Order may be filed with the County Clerk where the employer resides or has a place of business, and the Clerk shall without further notice enter judgment pursuant to Section 218 and Section 219 of the New York State Labor Law in the total amount indicated above with the stated rate of interest from the date hereof until payment.

For the Commissioner of Labor

*Maura McCann*

Maura McCann, Acting Director
**Dated: October 11, 2016**            Division of Labor Standards

If you are aggrieved by this Order, you may appeal within 60 days from the date issued to the Industrial Board of Appeals as provided by Section 101 of the Labor Law. Your appeal should be addressed to the Industrial Board of Appeals, Building 12, Room 116, The Governor Averell Harriman State Office Building Campus, Albany, NY 12240.

For a copy of the Rules of Procedure, contact the Board at the above address, by visiting their web site at http://industrialappeals.ny.gov or by calling 518-474-4785.

Checks and money orders should be made payable to the Commissioner of Labor and sent to the New York State Department of Labor, Division of Labor Standards, Interest Penalty and Collection Section, Room 185B, Building 12, The Gov. Averell Harriman State Office Building Campus, Albany, NY 12240.

*I hereby certify that this is a true and accurate copy of the original Order to Comply on file with the New York State Department of Labor, Division of Labor Standards, Albany, New York 12240*

*Certified this 11th day of October , 2016*            Supv. Labor Standards Investigator

Phone: (518) 485-2778 Fax: (518) 457-8452
State Office Bldg. Campus, Bldg 12, Rm 185B, Albany, NY 12240

STATE OF NEW YORK DEPARTMENT OF LABOR
INDUSTRIAL BOARD OF APPEALS
-----------------------------------------------------------------------X

In the Matter of the Petition of

Sikka, Bhupinder Singh A/K/A Gary Sikki and
Sandalwood Bar N Grill, Inc.
(T/A Mint Restaurant & Lounge),

                            Petitioner(s),

                                                            **ANSWER**

To review under Section 101 of the
New York State Labor Law:                                   **Docket No. PR 16-144**

Order to Comply with Article(s) 19
of the Labor Law, OTC #16-00335,
issued October 11, 2016.

                            -against-

THE COMMISSIONER OF LABOR,

                            Respondent.
-----------------------------------------------------------------------X

Respondent, Commissioner of Labor, by her attorney, Pico Ben-Amotz,
Counsel, Taylor Waites, J.D., Law Clerk, of Counsel, states as follows in answer
to the Petition:

1.      Upon information and belief, admits the allegations contained in
paragraphs numbered "1" through "3" of the Petition.

2.      Upon information and belief, denies all factual allegations contained
in Paragraphs "4" through "53" of the Petition.

3.      Denies the allegations contained in the remainder of the Petition
and any attachments thereto, objects to any consideration of the materials
attached to the Petition unless and until they are entered into evidence in a
hearing in this matter, and defers all legal arguments made or implied therein for
rebuttal at a later time. *See* Board Rule § 66.5(b) (stating that "[the answer] shall
contain a specific admission, denial or explanation of each of the *material facts*
alleged in the Petition") (emphasis added).

- 1 -

MINT 000787

4.    In accordance with Board Rule § 66.5(b), the Respondent hereby states that:

a.    Annexed hereto as Exhibit "A" is a copy of the Respondent's Investigative Narrative Report dated "February 17, 2016", as well as the Investigative Contact Log (annexed hereto as Exhibit "B"), as produced by the Respondent in the ordinary course of business, which summarizes the Respondent's investigation in the present matter, the contents of which are incorporated herein and made a part hereof by reference, explaining the Respondent's actions in this matter to that date.

b.    On October 11, 2016, the Respondent issued to the Petitioner(s) an Order to Comply with Article 19 of the New York State Labor Law, (hereinafter "Minimum Wage Order" in which the Respondent found the Petitioner(s) in violation of Labor Law Section "652", 12 NYCRR, Part "146", for failing to pay $19,528.30 in wages to the Claimant(s), and ordered the Petitioner(s) to pay $19,528.30 in wages to the Claimant(s), along with $2,656.23 in interest at the statutorily required rate of 16% per year, liquidated damages in the amount of $19,528.30 and a civil penalty in the amount of $19,528.30 for a total due and owing of $61,241.13.

c.    On October 11, 2016, the Respondent issued to the Petitioner(s) an Order to Comply with Article 6 of the New York State Labor Law, (hereinafter "Wage Order" in which the Respondent found the Petitioner(s) in violation of Labor Law Section "191" for failing to pay $490.00 in wages to the Claimant(s), and ordered the Petitioner(s) to pay $490.00 in wages to the Claimant(s), along with $81.62 in interest at the statutorily required rate of 16% per year, liquidated damages in the amount of $490.00 and a civil penalty in the amount of $490.00 for a total due and owing of $1,551.62.

d.    On October 11, 2016, the Respondent issued to the Petitioner(s) an Order to Comply with Article 19 of the New York State Labor Law, (hereinafter "Penalty Order") in which the Respondent found the Petitioner(s) in violation of various provisions of the Labor Law, and

- 2 -

ordered the Petitioner(s) to pay $5,800.00 in Civil Penalties (spread out over "3" counts).

5.     AS AND FOR A FIRST AFFIRMATIVE DEFENSE

*No Records - Reasonable and Valid*

a.     The Respondent's determination that wages were due and owing to the employee(s) and its determination of the amount of such wages owed were reasonable and valid. Such determination was in full compliance with all applicable statutes, case law, and prior decisions of the Industrial Board of Appeals ("the Board").

b.     The Labor Law provides, in relevant part, that when an employer fails to keep adequate payroll records, "the employer in question shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." N.Y. LABOR LAW § 196-a (Consol. 2015). In *Angello v. National Finance Corporation,* 1 AD3d 850 (3rd Dept. 2003), the Appellate Division, Third Department interpreted Labor Law § 196-a, together with Board Rule § 65.30, to mean that "the burden of disproving the amounts sought in the employee claims fell to [the employer], not the employees, and its failure in providing that information, *regardless of the reason therefore*, should not shift the burden to the employees." *Id.* at 854 (emphasis added). Relying, in part, on the aforementioned statute and case law, the Board held in *Matter of the Petition of L.R.H. Supermarket, Inc.,* PR-05-035 (2008) that "[w]here employee complaints demonstrate a violation of the Labor Law, article 19

- 3 -

MINT 000789

(minimum wages), DOL must credit the complainant's assertions and relevant employee statements and calculate wages due the employees based on the information that they have already provided. The employer then bears the burden of proving that the disputed wages were paid." *Id.* at 4.

c.      The Labor Law places an affirmative obligation on employers to "establish, maintain, and preserve...contemporaneous, true, and accurate payroll records" and "keep such records open to inspection by the commissioner or his duly authorized representative at any reasonable time." N.Y. LABOR LAW § 661 (Consol. 2015). The required contents of these records are listed in Labor Law § 661, and the Minimum Wage Order for Miscellaneous Industries and Occupations. *See* 12 NYCRR §142-2.6.

d.      In *Garcia v. Heady*, 46 AD3d 1088 (3rd Dept. 2007), the Court held that: "The record reveals that petitioner failed to maintain records of the hours claimants worked and/or to provide them with wage stubs, thus compelling DOL to employ an alternative analysis to ascertain the number of hours that claimants worked and, in turn, imposing upon petitioner the burden of demonstrating the unreasonableness of DOL's calculations." *Id.* at 1090 (citation omitted).

e.      The Board has ruled *In the Matter of Mohammed Aldeen and Island Farm Meat Corp.*, PR 07-093 (May 20, 2009), *aff'd sub nom. Matter of Aldeen v. Industrial Appeals Board*, 82 AD3d 1220 (2nd Dept. 2011),

- 4 -

that "[u]nless the employer produces sufficient evidence that accurately estimates the hours of its employees, it necessarily has not negated the approximate estimation of such hours reasonably inferred from the employees' evidence. It was thus the Petitioner's burden in this case to submit sufficient proof so as to provide an *accurate* estimate of the hours worked … for the specific periods of their respective audits by the Commissioner." *Id.* at 14 (emphasis in original). Furthermore, "[a]n employer's failure to keep adequate records does not bar employees from making wage complaints. Where employee complaints demonstrate a violation of the Labor Law, DOL *must* credit the complainant's assertions and relevant employee statements and calculate wages due based on the information the employee has provided. The employer then bears the burden of proving that the disputed wages were paid. *See* Labor Law § 196-a; *Angello v. National Finance Corp.*, 1 AD3d 850 (3d Dept. 2003)" (emphasis added). *Id.* at 11.

f. The Board has summarized both its own prior decisions and the relevant case law, holding that:

> Accordingly, to prevail before the Board, a petitioning employer must show that the order is not reasonable by a preponderance of the evidence of the specific hours that employees worked and that employees received payment for the time that they worked or other accurate evidence that shows the Commissioner's findings to be unreasonable. In any

MINT 000791

event, "the employer cannot be heard to complain
that the damages lack the exactness and precision of
measurement that would be possible had he kept
records." *Matter of Petition of Ram Hotels, Inc. (T/A
Rodeway Inn),* Docket No. PR 08-078, p. 24 (October
11, 2011) (citation omitted).

g.     The Claimant(s) provided clear and detailed information
regarding hours worked, the agreed rate of pay and the wages paid. The
Order to Comply was issued based on that information. The Respondent
advised the Petitioner(s) of the claim on more than one occasion. As
detailed in the Investigation Contact Log (Exhibit "B"), the Respondent
requested payroll records covering the period of December 12, 2012
through December 3, 2015 numerous times from the Petitioner, Mr. Sikka.
Mr. Sikka repeatedly requested additional time to "gather" the
information/documents requested (*see* Investigation Contact Log entries
dated December 12, 2015, December 16, 2015, January 4, 2016, January
13, 2016, January 14, 2016, and March 30, 2016). The Respondent
repeatedly held its enforcement in abeyance in order to provide the
Petitioner(s) with an opportunity to supply payment or sufficient evidence
that such amounts were not due and payable to the Claimant(s). As
detailed in the Investigation Narrative Report (Exhibit "A"), the Petitioner
ultimately:

"...provided payroll registers for the years 2014 and 2015. This
information included *yearly* wages, and a disclaimer stating that
cash and allocated tips were not included in these amounts.

-6-

> Employer failed to provide payroll records for the years 2012, and daily hours worked for the years 2013, 2014, and 2015." (Investigation Narrative Report, pg. 3) (emphasis added).

Without sufficient information from the Petitioner(s) regarding the claims, the Respondent was required, by law, to credit the statements of the Claimant(s) and proceed with its enforcement of the New York State Labor Law. As such, and based on the foregoing, such Order was valid and reasonable.

## 6.    AS AND FOR A SECOND AFFIRMATIVE DEFENSE

### Employer Defined

a.    "Employer" is defined by Labor Law § 190(3) as any person, corporation or association employing any individual in any occupation, industry, trade, business or service. "Employed" is defined by Labor Law § 2(7) as permitted or suffered work.

b.    Labor Law § 2 states that "whenever used in this chapter" [i.e. the Labor Law as a whole]:

> 6. "Employer" means the person employing any such mechanic, workingman or laborer, *whether the owner, proprietor, agent, superintendent, foreman or other subordinate*....
>
> 8-a. "Agent" of a corporation includes but is not limited to, a manager, superintendent, foreman, supervisor *or any other person employed acting in such capacity.* (emphasis added).

c.    The test for determining whether an entity or person is an employer under the New York Labor Law is the same test for analyzing employer status under the Fair Labor Standards Act. *Chung v. The New Silver Palace Restaurant, Inc.* 272 FSupp2d 314, 319 (SDNY 2003). In

- 7 -

MINT 000793

*Herman v. RSR Sec. Servs. Ltd.*, 172 F3d 132, 139 (2d Cir 1999), the Second Circuit Court of Appeals states that the overarching concern is whether the alleged employer possessed the power to control the workers in question; the court explains an economic reality test using four relevant factors to determine whether an individual or entity was an employer, which include whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employees work schedules, conditions, and/or employment; (3) determined the rate and method of payment; and (4) maintained employment records.

d.      Even though the Petition now alleges that the individual Petitioner, Bhupinder Singh Sikka A/K/A Gary Sikki is "not a[s] employer" [*sic*] as defined by the New York State Labor Law (paragraphs 50-53 of the Petition), numerous factors demonstrate that the Petitioner in this matter was an employer based on the control he had over the employees' employment. *See Herman,* 172 F3d at 139; Labor Law § 190(3). During the investigation of this matter, the Petitioner was identified, and on multiple occasions identified himself, as the individual who supervised employees and was responsible for paying wages.

e.      Notably, the Board has ruled that an employee can have multiple employers. *See In the Matter of Franbilt, Inc.,* PR-07-019 (July 30, 2008).   Therefore, it is legally possible that the individual Petitioner and the corporate Petitioner were both employers of the employees named on the Orders.

-8-

7.    AS AND FOR A THIRD AFFIRMATIVE DEFENSE

_Failure to Plead All Issues_

a.    Board Rule §66.3(e) states that the Petition must "state clearly and concisely the grounds on which the matter to be reviewed is alleged to be invalid or unreasonable, omitting conclusions of fact or law." The Petitioner is in violation of this rule as the Petition in this matter contains little more than conclusions of fact and law regarding the Petitioner's status as Employer, payment of wages, record-keeping and use of wage statements.  As stated above, New York State Labor Law Section 101, states, "Any objections to the rule, regulation or order not raised in such appeal shall be deemed waived."  The Petitioners have chosen to ignore Board Rule §66.3(e) and only allege conclusions of law and fact, rather than providing any actual law or fact that could form the basis of any objection, which is clearly in violation of this rule.  Based on Labor Law, Section 101, the Petitioners are barred from asserting any other facts or theories at a hearing in this matter.

b.    As the Petitioners have chosen to provide the Board and the Respondent with no factual basis for any of their conclusory allegations, the Respondent is unable to assert further affirmative defenses that may be had, depending on which facts the Petitioners ultimately assert. Should the Board permit the Petitioners to further develop the conclusions set forth in the Petition, the Respondent reserves the right to both object to any assertions of fact at a hearing in this matter pursuant to Labor Law

MINT 000795

Section 101, as well as assert any affirmative defenses available under the law should the Board allow the Petitioners to assert facts in violation of Labor Law Section 101. The Respondent also reserves the right to demand an adjournment of any hearing in this matter should the Petitioners be allowed to assert facts (other than the general conclusions asserted in the Petition) in order to allow the Respondent the due process rights of investigating any asserted facts and preparing a defense.

## 8. AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

### Interest

a. Pursuant to Labor Law § 219(1), "[i]f the commissioner determines that an employer has failed to pay wages, benefits or wage supplements required pursuant to article six, . . . the commissioner shall issue to the employer an order directing compliance therewith, which shall describe particularly the nature of the alleged violation. Such order shall direct payment of wages or supplements found to be due, including interest at the rate of interest then in effect as prescribed by the superintendent of banks pursuant to section fourteen-a of the banking law per annum from the date of the underpayment to the date of the payment." As directed by Labor Law § 219(1), the Petitioner(s) were ordered to pay 16% interest, which was the rate of interest then in effect at the time the Order to Comply was issued, on the amount of minimum wages found due and owing by the Petitioner(s).

- 10 -

9. AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

### Civil Penalties

a. Pursuant to Labor Law § 218, "[i]f the commissioner determines that an employer has violated a provision of . . . article nineteen. . . of [the Labor Law], . . . the commissioner *shall* issue to the employer an order directing compliance therewith, which shall describe particularly the nature of the alleged violation. In addition to directing payment of wages, . . . such order, if issued . . . to an employer whose violation is *willful or egregious*, shall direct payment to the commissioner of an additional sum as a civil penalty in an amount equal to double the total amount found to be due." (emphasis added). Section 218 also states that the Respondent may take into account the good faith of the employer, a past history of Labor Law violations, and the existence of record keeping violations along with the failure to pay wages. Here, the 100% civil penalty for the Petitioner(s)'s violation of Labor Law § 652 was *half* of the 200% maximum amount that could have been issued under § 218.

b. The 100% civil penalty was based on the following: the size of the business, the good faith of the Petitioner(s), the gravity of the monetary violation, the prior history of labor law violations, and the non-wage and record keeping violations disclosed during the investigation. In particular, the Petitioners have a prior history of failing to pay wages in 2009, 2011 and 2015, which required the Respondent's intervention on

- 11 -

MINT 000797

numerous occasions.  The Petitioners do not possess full payroll records for the entire period of time required (six years).

c.       Additionally, regarding the Penalty Order, Labor Law § 218 states that "where the violation is for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation."  The Petitioner(s) was ordered to pay $3,000.00 as a civil penalty for the violation of the Labor Law by failing to keep and/or furnish payroll records; $2,000.00 for failing to furnish to each employee a statement with every payment of wages; and $800.00 for failing to furnish each employee at the start of employment written notice in English and any other language spoken by the new employee of the employee's regular hourly rate of pay, overtime rate, amount of tip credit, if taken and the regular payday.  Each of the civil penalties imposed for Counts 1, 2, and 3 were within the limits imposed by § 218.

10.      AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

          *Liquidated Damages*

a.       Section 198(1-a) of the Labor Law provides that "the commissioner shall "assess against the employer" the full amount of any such underpayment, and "an additional amount as liquidated damages . . . Liquidated damages shall be calculated by the commissioner as no more

MINT 000798

than one hundred percent of the total amount of wages found to be due."
See also, Labor Law § 663(2).

    b.     Here, the Respondent issued liquidated damages in the amount of 100%, which is the maximum amount of liquidated damages that could have been issued.

11.    <u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

    *Waiver*

    a.     Pursuant to Labor Law § 101(2), a "petition shall be filed with the board in accordance with such rules as the board shall prescribe, and shall state the rule, regulation, or order proposed to be reviewed and in what respects it is claimed to be invalid or unreasonable.  Any objections to the rule, regulation or order not raised in such appeal shall be deemed waived."  Therefore, any objections to the October 11, 2016 Order to Comply that were not raised in the Petition should be deemed waived, and the Petitioner(s) should be barred from raising any additional arguments or objections at the hearing, aside from those included in the Petition.

*THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.*

MINT 000799

**WHEREFORE**, the Respondent requests that the Industrial Board of Appeals issue a Resolution of Decision dismissing the Petition herein in all respects, together with such other, further and different relief as may be deemed just and proper.

Dated: January 30, 2017
Albany, New York

PICO BEN-AMOTZ
General Counsel

By: _Taylor A. Waites_

Taylor Waites, J.D.
Law Clerk, of Counsel
New York State Department of Labor
State Office Campus
Building 12, Room 509
Albany, NY  12240
(212) 775-3721

To:    Desiree M. Gargano, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554

MINT 000800

## ▮1▮ INVESTIGATION N.  RATIVE REPORT

TODAY'S DATE: 2/17/2016
EMPLOYER: Mint Restaurant &Lounge              CASE NUMBER: LS01 2015009443
INVESTIGATED BY: Shaela Montes De Oca   REPORT WRITTEN BY: Shaela Montes De Oca

### 1. PRE-INVESTIGATION

**The investigation was initiated because of**

☐ A recheck

☑ A complaint alleging:

> Santiago Galvez Estrada filed a complaint against Mint Restaurant and Lounge stating he
> worked from September 9, 2015 to September 14, 2015 with the promise of receiving
> $400.00 a week but never received any pay.

☑ Information collected during a sweep/investigation

*Indicate potential violations.*

**The company investigated is a/an *Restaurant*** under the hospitality industry.

**\*Establishment of Employer Identity:**
According to Mr. Estrada's claim form, he was hired by Agustin. Mr. Pal Atvinder, assistant
manager of the restaurant identified the employer as Bhuphinder Sing Sikka.

### 2. INITIAL VISIT

The initial visit was performed on 12/3/2015. On that date, 4 employees were observed working
with 3 of them being interviewed. All attempts to interview were successful.

☐ The employer showed on the initial visit that it maintained a record of the daily hours worked

> ➤ How? *Time cards, sign in sheet, etc.?*

☑ Notice of Revisit served

> \*A Notice of Revisit with a request for records and a deadline of 12/10/2015 was given to
> Bhuphinder Sing Sikka. The Notice of Revisit requested records covering 12/3/2012 to
> 12/3/2015.

☐ Notice of Revisit not served

☐ It was not apparent that the employer maintained a record of the daily hours worked.

☐ The employer did not maintain the time and payroll records required under the law.

> ☐ The employer was instructed to provide a Letter of Explanation explaining the absence of records.



MINT 000001

**2  INVESTIGATION N.   .RATIVE REPORT**

**\*Additional pertinent information:**
LSI's visit to the Mint Restaurant and Lounge was based on a target investigation for the Exploited Workers Task Force. LSI was accompanied by investigators from the State Liquor Authority, and Worker's Comp.

---

### 3. FOLLOW UP VISIT AND FINDINGS

**\*A FOLLOW UP VISIT WAS NOT MADE, SEE FINDINGS**
On *DATE,* the employer *Choose status of records requested*
**The following information was provided by the employer and reviewed:**
*CLICK HERE: Indicate contents of Letter of Explanation and/or details regarding the info reviewed during the payroll exam. For example: "Time cards and cash records were reviewed covering the period of March 1, 2004 to March 2, 2007".*

**\*FINDINGS**
A review of the available information from the claimants and others interviewed indicates that some employees received an hourly pay and some receive a salary. Some employees were not paid the state minimum wage. The employees were not paid the correct wages for work in excess of 40 hours a week. Some employees did not receive wage statements. The employees did not punch in/out or use sign in/sign out sheets.

**\*Additional pertinent information:**
Due to the failure of not paying the state minimum wage, or an accurate overtime rate, computations were based employee interviews and claimant's allegations of unpaid wages. Mr. Gary Sikka left a voicemail message for LSI on the date of the inspection of 12/10/15, stating that his company needed more time to gather information. LSI communicated to Mr. Sikka on 12/16/15 but did not receive a response. On 1/4/16, Mr. Sikka stated that his accountant did not have the documents available upon date of request. Mr. Sikka stated that he would have documents available for the 2nd week of January. LSI stated that our agency requested daily hours worked, weekly wages received, and tip reports. Mr. Sikka stated that the company had the information requested. LSI stated that the assistant manager Mr. Pal Atvinder stated that there was no method of keeping time, and an interviewed employee stated that he did not receive a tip report or a paystub. Mr. Sikka stated that business is slow, so he pays employees extra to meet the minimum wage, and that tip reports are given on a weekly basis to the accountant. LSI explained to Mr. Sikka that he has until January 13, 2016 to forward requested information to LSI. On 1/13/16, Mr. Gary Sikka left a voicemail message after work hours stating that he was only able to provide some of the payroll documents requested. LSI contacted Mr. Sikka on 1/14/16 and explained that the agency will accept the documents that are available; however, the agency will proceed with the investigation. Review of the payroll documentation forwarded by

**3  INVESTIGATION NARRATIVE REPORT**

ER Gary Sikka determined that the payroll documentation provided did not comply with New York State Labor Laws. The ER provided payroll registers for the years 2014, and 2015. This information included yearly wages, and a disclaimer stating that cash and allocated tips were not included in these amounts. Employer failed to provide payroll records for the years 2012, and daily hours worked for the years 2013, 2014, and 2015. Computations for Mr. Anup Gomes were completed based on information collected during his interview and records provided by the employer.

## 4.  DETERMINATION OF UNDERPAYMENTS AND VIOLATIONS

☐ Computations were not performed

☑ Computations were performed:

Computations were performed based on information from the claimant and the interviewed employees.

Number of underpaid employees: 3
Total amount due without liquidated damages: $19,668.70
Total amount due with liquidated damages: $24,585.88

☐ The recapitulation sheet was served to (See the following details):

Name and title of receiver **ON DATE**
Indicate the name and title of the responsible party *Employer's response*

☑ A recapitulation sheet was not served

☐ Labor Law violations were not detected

☑ Labor Law violations were detected:

Section 661, for the failure to keep and maintain payroll records of daily and weekly hours worked and wages received per the Hospitality Wage Order for all employees. Section 652.1 for the company's failure to pay the state minimum wage and pay accurate overtime rates of 1.5 times the employee's regular rate of pay as prescribed by law to Laxmi Dewan and Anup Gomes. Section 146-2.2, for your company's failure furnish to each employee, prior to the start of employment, written notice in English and any other language spoken by the new employee as their primary language, of the employee's regular hourly rate of pay, overtime hourly rate of pay, the amount of tip credit, if taken and the regular payday, and must state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate (Hospitality Industry). Section 146-2.3, for your company's failure to furnish to all employees a statement with every payment of wages listing the hours worked, rates paid, gross wages, any allowances claimed, deductions, and net wages per the Hospitality Industry. Section 191.1a, for your failure to pay wages weekly to Santiago

**4 INVESTIGATION N.   RATIVE REPORT**

☐ A Notice of Violation was not served.

☑ A Notice of Violation was served(See below for details):

> **On 1/20/2016 the employer was mailed a Notice of Violation.** The notice was received by Bhuphinder Sing Sikka.. The violation notice advised the employer that it was in violation of the following labor laws: 652.1, 661, 146-2.2, 146-2.3, and 191.1a.

The employer was educated regarding the aforementioned labor law violations.

**\*Additional pertinent information:**
Due to the previous violations issued to the company, the company will receive the maximum in assessed penalties. On 1/28/16, LSI attempted to contact Mr. Anup Gomes regarding his employment history with the Mint Restaurant and Lounge. Mr. Gomes was not available to take the call, and requested a return call. LSI attempted to contact Mr. Gomes later on that day but Mr. Gomes was not available. LSI sent a letter to Mr. Gomes on 2/1/16 requesting additional information because the ER's records show Mr. Gomes receiving a different weekly wage in 2014, no time worked in September 2014, and in February 2015. LSI was to verify Mr. Gomes' weekly wages, and employment history. However, Mr. Gomes did not respond by reply date given of 2/8/16. Computations for Mr. Anup Gomes were completed based on information collected during his interview and records provided by the employer. Mr. Gomes wages received A Recapitulation sheet in the amount of $24,585.88 due to the previous violations issued to the company, the company will receive the maximum in assessed penalties, pending approval.

Audit and Monetary System

Welcome Taylor Waites (Build: R20161222A)          NY.Gov Home  ·  Audit/Monetary Wage Home  ·  Log Off

Home > Cases > Case (LS13 2015009443) > Contact Log

### Contact Log

| Basic Information | |
|---|---|
| Case # LS13 2015009443 | Contact Log   Electronic Documents |
| **Mint Restaurant & Lounge** | Initial Claim # LCM15011797 |
| **Status** Pending Payment | |

### Contact Log

| Date | Entry | Follow Up/Reminder |
|---|---|---|
| 01/12/2017 | **Contact -Admin Action**<br>*(Entry updated 01/12/2017 by usapaf)*<br>Case file uploaded to LS1 per IBA request | |
| 01/04/2017 | **Event -Appealed to IBA**<br>*(Entry updated 01/04/2017 by bcahlg)*<br>Per email notification received from Counsel's Office, OTC # 16-00335 has been appealed and assigned PR# 16-144. Email notification of the petition/appeal has been uploaded to Electronic Documents and forwarded to the appropriate District Supervisors. | |
| 10/11/2016 | **Event -Order to Comply Issued**<br>*(Entry updated 10/11/2016 by BCCLT3)*<br>OTC was reviewed and approved for issuance and mailing.<br>📄 16-00335.doc | 12/09/2016 |
| 10/07/2016 | **Event -Order to Comply Issued**<br>*(Entry updated 10/07/2016 by BCDTS3)*<br>Order no:16-00335. Case Management letters included in the order: LS-22 OTC Issued Letter, Order To Comply to be mailed: 10/11/2016<br>📄 16-00335.doc (Pending Approval) | 12/06/2016 |
| 09/21/2016 | **Event -Misc**<br>*(Entry updated 09/21/2016 by usbrws)*<br>OTC referral approved, ready for typing | |
| 09/21/2016 | **Event -Investigator Assigned**<br>*(Entry updated 09/21/2016 by usbrws)*<br>Case assigned to Robert Smith by Robert Smith. | |
| 09/19/2016 | **Contact -Admin Action**<br>*(Entry updated 09/19/2016 by USAWM3)*<br>Referral printed and placed in bin for SLSI review. | |
| 09/16/2016 | **Event -Case Transferred**<br>*(Entry updated 09/16/2016 by us0spc)*<br>Case transferred from district 01 to district 13 by Sue Chan-Leung. | |
| 09/16/2016 | **Event -Refer for OTC**<br>*(Entry updated 09/16/2016 by us0spc)*<br>case approved for OTC referral. | |
| 09/16/2016 | **Event -Case Transferred**<br>*(Entry updated 09/16/2016 by usnm/1)*<br>Case transferred from district 25 to district 01 by Maritza Lamboy. | |
| 09/08/2016 | **Event -Case Transferred**<br>*(Entry updated 09/08/2016 by us0spc)*<br>Case transferred from district 01 to district 25 by Sue Chan-Leung. | |
| 09/08/2016 | **Event -Case sent to Sr/Sup for Review**<br>*(Entry updated 09/08/2016 by us0spc)*<br>Investigation revealed underpayment of $20,018.30 due to 3 employees for period 12/3/2012 ?<br>12/6/2015. Employer disputed part of the claim and agreed to remit payment for the portion he did not dispute, however later stated he was elderly and did not have the means to make payment. Case referred for OTC. Please see e-doc for details. | |
| + 09/08/2016 | **Contact -System Log**<br>*(Entry updated 09/08/2016 by us0spc)*<br>An approval has been entered by Sue Chan-Leung. | |
| 09/08/2016 | **Status Change -Pending Payment -System Log**<br>*(Entry updated 09/08/2016 by us0spc)* | |
| 09/06/2016 | **Contact -Admin Action**<br>*(Entry updated 09/06/2016 by usaie3)*<br>Prepared OTC packet for review by Supv. LSI. Case file handed in for approval. | |
| 09/06/2016 | **Contact -Phone**<br>*(Entry updated 09/06/2016 by usaie3)*<br>Made call to Mr. Sikka @ 917-208-4027. No answer. Unable to leave message. Mailbox full. | |
| 09/06/2016 | **Contact -Admin Action**<br>*(Entry updated 09/06/2016 by usaie3)*<br>Made change to audit for Mr. Gomes, RE: to include the change in underpayment with the records which were provided by the ER. Actually increased the amount due. | |
| | **Contact -System Log** | |



EXHIBIT B

MINT 000000

09/06/2016
(Entry updated 09/06/2016 by usale3 )
A change to the audit is awaiting approval.

09/06/2016
**Event -Investigator Assigned**
(Entry updated 09/06/2016 by usale3 )
Case assigned to Lety Escobar by Lety Escobar.

09/06/2016
**Contact -System Log**
(Entry updated 09/06/2016 by usale3 )
Minimum Wage for A. Gomez (1527701) was changed from $ 19051.2 to $19400.798 by Lety Escobar.

09/06/2016
**Event -Claimant Update**
(Entry updated 09/06/2015 by usale3 )
Anup Gomez (1527701) had their; ssn changed by Lety Escobar.

09/06/2016
**Status Change -Investigation Active-Notify Investigator -System Log**
(Entry updated 09/06/2016 by usale3 )

+ 09/06/2016
**Contact -System Log**
(Entry updated 09/06/2016 by usale3 )
Claim was returned from monetary for S. Galvez Estrada (1516538).

07/12/2016
**Event -Claimant Update**
(Entry updated 07/12/2016 by usdmmw )
EWTF Sweep EWTF (1516543) had their; first name, last name changed by Michelle Wilsey.

07/11/2016
**Event -Misc**
(Entry updated 07/11/2016 by BCABSJ )
Accurint search completed and uploaded to e-docs.

06/30/2016                                                                                       07/07/2016
**Contact -Admin Action**
(Entry updated 06/30/2016 by usale3 )
Accurint search response. Follow up for completion of OTC packet. --- Name: BHUPINDER SINGH SIKKA Date of Birth: 11/7/1955 SSN ▮▮▮▮▮▮ Company Name: MINT FINE INDIAN RESTAURANT NEW YORK NYC Address: 150 50TH ST, NEW YORK NY 10022-9500, NEW YORK COUNTY Company Name: SANDALWOOD BAR N GRILL INC Address: 150 50TH ST, NEW YORK NY 10022-9500, NEW YORK COUNTY

06/30/2016
**Contact -Phone**
(Entry updated 06/30/2016 by usale3 )
Called Mr. Sikka @ 917-208-4027. No answer. Mailbox was full and could not leave any messages.

06/30/2016
**Contact -Admin Action**
(Entry updated 06/30/2016 by usale3 )
Mr. Sikka failed to appear on 6/9/2016 for meeting.

06/01/2016
**Contact -System Log**
(Entry updated 06/01/2016 by us0spc )
Address change for A. Gomez APPROVED by Sue Chan-Leung. per ee request

05/26/2016
**Contact -Phone**
(Entry updated 05/26/2016 by usale3 )
Called Mr. Sikka @ 917-208-4027. He was told that the information he provided was taken into consideration. He was told that based on the work sheet he provided, he had paid the EE (Gomes) a salary, and based on NYSLL when an EE is paid a salary it is only considered payment for the first 40 hours of work. First he stated that Mr. Gomes had been paid $12.00 and hour, then he stated that Mr. Gomes was paid $10.00 per hour. He repeated that Mr. Gomes was paid correctly for all hours worked. Neither of the rates of pay work out based on the hours given by the EE as worked per week. Based on the work sheet given, his weekly hours fluctuated from 40 - 476 hours per week. He stated he could prove that Mr. Gomes had an hourly rate. An appt. was made to come in on 06/09/2016 @ 2pm. He was also offerred a payment plan, and a reduction in the penalties from $5800.00 to $2800.00. He stated he was a 61 yr old man, retiring and it was still too much money. Final determination will be done on date of meeting.

05/26/2016
**Contact -Phone**
(Entry updated 05/26/2016 by usale3 )
Called Mr. Anup Gomes @ ▮▮▮▮▮▮ . He was asked whether he was paid check + cash wages. He stated that he was. He stated that the first 40 hours were paid via check. Extra hours worked he was paid via cash. He stated that the amounts fluctuated, and that it ranged between $400.00 and $500+. He could not provide specifics. He could only state that the amount given via check was for the first 40 hours.

05/05/2016
**Contact -Admin Action**
(Entry updated 05/05/2016 by usale3 )
Called Louis Adinolfi from UI @ ▮▮▮▮▮▮ in response to request for ER info. Had to leave message with headcount? 3 on day of inv. could not leave size of firm? b/c he needs to clarify as to what he needs. told him he could call back if he had further questions.

04/15/2016                                                                                       05/15/2016
**Event -District Meeting Occurred**
(Entry updated 04/15/2016 by usale3 )
With ER Bhupinder Sikka, who is the president/owner of Mint Restaurant. He provided a weekly time record for Anup Gomes for the period covering 9/21/2015 - 3/6/2016. He states that the record was kept by the Chef named Agustin Bishwas. He states that while we computed based on a salary of $300.00 for Mr. Gomes, Mr. Gomes actually earned an additional $550.00 in cash. Weekly record shows that weekly hours varied. Total amount always received by EE was $850.00. He provided Mr. Gomes name as $646-600-2807. He states that Mr. Bishwas is in India, and will provide him with the remainder of the records once he returns. He was told that the comps would be revised based on the information provided. DOL would provide him with some time to provide the additional records, going back to 2012. Mr. Sikka agreed to pay the wages due for the other remaining claimants, total = to $771.88. DOL to receive check immediately. DoL will hold off payment for penalty pending the resolution of the case. Follow up for receipt of additional records.

**Contact -Phone**
(Entry updated 03/30/2016 by usale3 )
917-208-4027. ER, Bhupinder Sikka called. He closed the restaurant last month. He paid EE's some

MINT 000806

| | |
|---|---|
| 03/30/2016 | cash, some check. Restaurant was not making money. He was paying out of pocket. He stated that he paid all EE's correctly. Asked for a meeting to come into office, and show that he did not owe EE's any monies. He stated that he needed time to look for paperwork. He stated that he would have to possibly declare bankruptcy. Meeting set up for 4/15/2016 @10 AM |
| 03/22/2016 | **Contact -Phone**<br>*(Entry updated 03/22/2016 by USNSM3 )*<br>Cover letter, recap, and NOV mailed to ER business and residential address follow up for deadline. Please see electronic documents. |
| 03/18/2016 | **Contact -Admin Action**<br>*(Entry updated 03/18/2016 by ushgg3 )*<br>Approved for service |
| 03/18/2016 | **Contact -System Log**<br>*(Entry updated 03/18/2016 by ushgg3 )*<br>An approval has been entered by Geovanna Giraldo. |
| 03/18/2016 | **Status Change -Pending Payment -System Log**<br>*(Entry updated 03/18/2016 by ushgg3 )* |
| 03/18/2016 | **Event -Case Transfered**<br>*(Entry updated 03/18/2016 by ushgg3 )*<br>Case transferred from district 21 to district 01 by Geovanna Giraldo. |
| 03/18/2016 | **Event -Investigator Assigned**<br>*(Entry updated 03/18/2016 by ushgg3 )*<br>Case assigned to Shaela Montes De Oca by Geovanna Giraldo. |
| 03/16/2016 | **Event -Case Transfered**<br>*(Entry updated 03/16/2016 by us0spc )*<br>Case transferred from district 01 to district 21 by Sue Chan-Leung. |
| 03/16/2016 | **Event -Case sent to Sr/Sup for Review**<br>*(Entry updated 03/16/2016 by us0spc )*<br>File submitted to Chief LSI Giraldo for review of service documents. |
| 03/16/2016 | **Contact -System Log**<br>*(Entry updated 03/16/2016 by usacm3 )*<br>A change to the audit is awaiting approval. |
| 03/16/2016 | **Event -Investigator Assigned**<br>*(Entry updated 03/16/2016 by us0spc )*<br>Case assigned to Cordie McCann by Sue Chan-Leung. |
| 02/22/2016 | **Event -Case sent to Sr/Sup for Review**<br>*(Entry updated 02/22/2016 by usale3 )*<br>Case file reviewed. Corrections made by LSI. Three EE's are due monies for MW/OT and unpaid wages. ER does not keep time and payroll records for EE's. Only wages paid to certain EE's. Case file submitted for review. |
| 02/19/2016 | **Contact -System Log**<br>*(Entry updated 02/19/2016 by USNSM3 )*<br>*Minimum Wage for A. Gomez (1527701) was changed from $ 25369.56 to $19051.2 by Shaela Montes De Oca.* |
| 02/19/2016 | **Event -Claimant Update**<br>*(Entry updated 02/19/2016 by USNSM3 )*<br>Anup Gomez (1527701) had their. ssn changed by Shaela Montes De Oca. |
| 02/18/2016 | **Contact -Admin Action**<br>*(Entry updated 02/18/2016 by usale3 )*<br>Case file returned to LSI for correction to the wages paid portion of the computations. |
| 02/17/2016 | **Event -Case sent to Sr/Sup for Review**<br>*(Entry updated 02/17/2016 by USNSM3 )*<br>Case has been handed to Senior LSI Escobar for review. |
| 02/17/2016 | **Contact -System Log**<br>*(Entry updated 02/17/2016 by USNSM3 )*<br>*Minimum Wage for A. Gomez (1527701) was changed from $ 25.81 to $25369.56 by Shaela Montes De Oca.* |
| 02/17/2016 | **Event -Claimant Update**<br>*(Entry updated 02/17/2016 by USNSM3 )*<br>Anup Gomez (1527701) had their. ssn changed by Shaela Montes De Oca. |
| 02/17/2016 | **Contact -System Log**<br>*(Entry updated 02/17/2016 by USNSM3 )*<br>*Minimum Wage for A. Gomez (1527701) was changed from $ 26397.81 to $25.81 by Shaela Montes De Oca.* |
| 02/17/2016 | **Event -Claimant Update**<br>*(Entry updated 02/17/2016 by USNSM3 )*<br>Anup Gomez (1527701) had their. ssn changed by Shaela Montes De Oca. |
| 02/12/2016 | **Contact -System Log**<br>*(Entry updated 02/12/2016 by usale3 )*<br>Address change for L. Dewan APPROVED by Lety Escobar. |
| 02/09/2016 | **Contact -Admin Action**<br>*(Entry updated 02/18/2016 by USNSM3 )*<br>Employee Anup Gomes has failed to communicate to LSI by reply date of 2/8/16. LSI will compute for Mr. Gomes based on information collected during his interview. |
| 02/01/2016 | **Contact -Letter**<br>*(Entry updated 02/18/2016 by USNSM3 )*<br>Employee Mr. Anup Gomes has not been available via telephone. LSI will send a letter to his home requesting additional information. Please see electronic documents. |

| | |
|---|---|
| 04/15/2016 | |
| 04/01/2016 | |

| | |
|---|---|
| 01/28/2016 | **Contact -Phone**<br>*(Entry updated 01/28/2016 by USNSM3 )*<br>Phone call made to employee Anup Gomez regarding employment with Mint Restaurant. Mr. Gomez was not available to take the call. LSI left a voicemail message explaining reason for the call, and requested a return call. Mr. Gomez may be reached at ▇▇▇▇▇ |
| 01/28/2016 | **Contact -Phone**<br>*(Entry updated 01/28/2016 by USNSM3 )*<br>Phone call received from Mr. Laxmi Dewan regarding message left by LSI. Mr. Dewan stated that he lived at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Dewan may be reached at ▇▇▇▇▇▇ . |
| 01/28/2016 | **Contact -Phone**<br>*(Entry updated 01/28/2016 by USNSM3 )*<br>Phone call to employee Laxni Dewan regarding verification of address. Mr. Dewan was not available to take the call. LSI left a voicemail message requesting a return call. Mr. Dewan may be reached at ▇▇▇▇▇▇ |
| 01/28/2016 | **Contact -Phone**<br>*(Entry updated 01/28/2016 by USNSM3 )*<br>Phone call made to employee Anup Gomez regarding his employment with Mint Restaurant(i.e. time worked). Mr. Gomez stated that he was not available to speak and requested a return call within one hour. Mr. Gomez may be reached a▇▇▇▇▇▇▇ |
| 01/27/2016 | **Contact -Admin Action**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Case file reviewed. Case file returned to LSI for revisions. Claimants have to be contacted regarding salary changes during audit period, and time not worked. All service documents need to be revised and updated as indicated. |
| 01/27/2016 | **Event -Claimant Update**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Anup Gomez (1527701) had their; phone number changed by Lety Escobar. |
| 01/27/2016 | **Event -Claimant Update**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Laxmi Dewan (1526841) had their; end date, complaint text changed by Lety Escobar. |
| 01/27/2016 | **System Log**<br>*(Entry updated 01/27/2016 by usale3 )*<br>1 claim(s) had Liquidated Damages applied to them. |
| 01/27/2016 | **Contact -System Log**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Minimum Wage for S. Galvez Estrada (1516538) was changed from $ 565 to $75 by Lety Escobar. |
| 01/27/2016 | **Contact -System Log**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Wage Claim for S Galvez Estrada (1516538) for $ 490 was added by Lety Escobar. |
| 01/27/2016 | **Event -Claimant Update**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Santiago Galvez Estrada (1516538) had their; ssn changed by Lety Escobar. |
| 01/27/2016 | **Event -Claimant Update**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Anup Gomez (1527701) had their; address1, address2, city changed by Lety Escobar. |
| 01/27/2016 | **Event -Claimant Update**<br>*(Entry updated 01/27/2016 by usale3 )*<br>Santiago Galvez Estrada (1516538) had their; ssn changed by Lety Escobar. |
| 01/20/2016 | **Contact -System Log**<br>*(Entry updated 01/20/2016 by USNSM3 )*<br>Minimum Wage for A. Gomez (1527701) was changed from $ 26955.63 to $26397.81 by Shaela Montes De Oca. |
| 01/20/2016 | **Event -Claimant Update**<br>*(Entry updated 01/20/2016 by USNSM3 )*<br>Anup Gomez (1527701) had their; ssn changed by Shaela Montes De Oca. |
| 01/19/2016 | **System Log**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>1 claim(s) had Liquidated Damages applied to them. |
| 01/19/2016 | **Contact -System Log**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Minimum Wage for A. Gomez (1527701) was changed from $ 26926.23 to $26955.63 by Shaela Montes De Oca. |
| 01/19/2016 | **Event -Claimant Update**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Anup Gomez (1527701) had their; ssn changed by Shaela Montes De Oca. |
| 01/19/2016 | **Contact -System Log**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Wage Claim for S. Galvez Estrada (1516538) for $ 0 was deleted by Shaela Montes De Oca. |
| 01/19/2016 | **Event -Claimant Update**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Santiago Galvez Estrada (1516538) had their; ssn changed by Shaela Montes De Oca. |
| 01/19/2016 | **Event -Claimant Update**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Santiago Galvez Estrada (1516538) had their; phone number changed by Shaela Montes De Oca. |
| 01/19/2016 | **Contact -System Log**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Minimum Wage for S Galvez Estrada (1516538) for $ 565 was added by Shaela Montes De Oca. |

MINT 000808

| 01/19/2016 | **Contact -System Log**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>*Wage Claim for S. Galvez Estrada (1516538) was changed from $ 610 to $0 by Shaela Montes De Oca.* |
|---|---|
| 01/19/2016 | **Event -Claimant Update**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>*Santiago Galvez Estrada (1516538) had their; first name, ack letter changed by Shaela Montes De Oca.* |
| 01/14/2016 | **Contact -Email**<br>*(Entry updated 02/17/2016 by USNSM3 )*<br>Records have been received and uploaded to electronic documents. |
| 01/14/2016 | **Contact -Phone**<br>*(Entry updated 01/14/2016 by USNSM3 )*<br>Phone call has been made to ER Gary Sikka regarding message left for LSI. Mr. Sikka was informed that the agency will not grant his company another extension to provide requested payroll documentation. An extension had already been granted with a deadline of 1/13/16. LSI disclosed email address and explained that he may forward payroll information. However the agency will continue with investigation and notify him with the findings. |
| 01/13/2016 | **Contact -Phone**<br>*(Entry updated 01/14/2016 by USNSM3 )*<br>Voicemail message has been received from ER Gary Sikka. Mr. Sikka called LSI and left a message at 6:18pm. The message stated that he just received confirmation letter and that he has some of the requested documents and needs more time to gather remaining documents. Mr. Sikka also stated that he did not have LSI's email to forward the information. Mr. Sikka may be reached at 917-208-4027. |
| 01/13/2016 | **Contact -System Log**<br>*(Entry updated 01/13/2016 by USNSM3 )*<br>*Minimum Wage for L Dewan (1526841) for $ 52.5 was added by Shaela Montes De Oca.* |
| 01/05/2016 | **Contact -Letter**<br>*(Entry updated 01/14/2016 by USNSM3 )*<br>Confirmation letter has been uploaded to electronic documents. |
| 01/04/2016 | **Contact -Meeting**<br>*(Entry updated 01/19/2016 by USNSM3 )*<br>Payroll records have been forwarded by ER Gary Sikka. Please see electronic documents. |
| 01/04/2016 | **Contact -Phone**<br>*(Entry updated 01/04/2016 by USNSM3 )*<br>Phone call made to ER Gary Sikka regarding missed payroll. Mr. Sikka stated that he thought he would have the documentation requested, but according to Mr. Sikka, his accountant did not have the documents available. Mr. Sikka stated that he would have documents available for the 2nd week of January. LSI explained that before an extension can be granted, it had to be made clear that the company had documents requested. LSI stated that our agency requested daily hours worked, weekly wages received, and tip reports. Mr. Sikka stated that the company had that information. LSI stated that the assistant manager Mr. Pal Atvinder stated that there was no method of keeping time, and an interviewed employee stated that he did not receive a tip report or a paystub. Mr. Sikka stated that business is slow, so he pays employees extra to meet the minimum wage, and that tip reports are given on a weekly basis to the accountant. LSI explained to Mr. Sikka that he has until January 13, 2016 to forward requested information to LSI. LSI obtained Mr. Sikka's address to submit a confirmation letter of record deadline. Mr. Sikka resides at 129 Elmwood Dr Dix Hills, NY 11746. He may be reached at 917-208-4027. |
| 12/29/2015 | **Contact -Phone**<br>*(Entry updated 12/29/2015 by USNSM3 )*<br>Phone call made to claimant Santiago Galvez Estrada regarding his claim for unpaid wages. LSI was calling to inquire whether Mr. Estrada was paid at all during his employment with Mint Restaurant & Lounge. Mr. Estrada was not available to take the call. LSI left a voicemail message requesting for him to call back. Mr. Estrada may be reached a[▮▮▮▮▮▮▮] |
| 12/16/2015 | **Contact -Phone**<br>*(Entry updated 12/16/2015 by USNSM3 )*<br>Phone call made to ER Gary Sikka of Mint Lounge & Restuarant based on voicemail message left for LSI on 12/16/15. Mr. Sikka stated in the message that he had previously called LSI (on 12/10/15) to state that he needed more time to gather information from his accountant. Mr. Sikka was not available to take the call. LSI left a voicemail message requesting a return call. |
| 12/10/2015 | **Contact -Field Visit**<br>*(Entry updated 12/15/2015 by USNSM3 )*<br>F/V has been made for scheduled payroll audit. ER was not at premises. Records were not available for review. Please see electronic documents. |
| 12/10/2015 | **Contact -Phone**<br>*(Entry updated 12/15/2015 by USNSM3 )*<br>ER, Bhupinder Sing Sikka left a voicemail message for LSI on 12/10/15at 10:01 am. Mr. Sikka stated that he needed more time to gather information requested. Mr. Sikka may be reached at 917-208-4027. |
| 12/03/2015 | **Contact -Admin Action**<br>*(Entry updated 12/09/2015 by USNSM3 )*<br>Interim report and Notice to Revisit have been uploaded to electronic documents. |
| 12/03/2015 | **Contact -Field Visit**<br>*(Entry updated 12/07/2015 by USNSM3 )*<br>Field visit has been conducted. Please see electronic documents for ER & EE interviews. |
| 12/02/2015 | **Event -Investigator Assigned**<br>*(Entry updated 12/02/2015 by us0spc )*<br>Case assigned to Shaela Montes De Oca by Sue Chan-Leung. | 01/02/2016 |

Status Change -Investigation Active -System Log

MINT 000809

| 12/02/2015 | *(Entry updated 12/02/2015 by us0spc )* |
|---|---|
| 12/01/2015 | **Event -Claimant Update**<br>*(Entry updated 12/01/2015 by admin )*<br>EWTF (1516543) had their; ack letter changed by super user. |
| 12/01/2015 | **System Log -Case Management Letter Update**<br>*(Entry updated 12/01/2015 by admin )*<br>EWTF unknown (1516543) has been flagged by the system with a bad address. |
| 12/01/2015 | **Contact -Admin Action**<br>*(Entry updated 12/01/2015 by USYJC3 )*<br>claim form ls01 2015009443 Santiago Galvez Estrada.pdf |
| + 12/01/2015 | **Contact -System Log**<br>*(Entry updated 12/01/2015 by USYJC3 )*<br>Galvez Estrada, Santiago added to case |
| 12/01/2015 | **Status Change -Investigation Pending -System Log**<br>*(Entry updated 12/01/2015 by USYJC3 )*<br>Claim has been made into a case |

MINT 000810



**Kathleen Dix**
Associate Attorney

**New York State Department of Labor**
**State Office Campus**
**Building 12, Room 509**
**Albany, NY 12240**
(518) 485-2191 | Kathleen.Dix@labor.ny.gov
www.labor.ny.gov


September 30, 2016

Devin A. Rice
Counsel
Industrial Board of Appeals
State Office Campus
Building 12, Room 116
Albany, NY 12240

Re: In the Matter of the Petition of: Sikka, Bhupinder a/k/a Gary Sikka &
Sandalwood Bar N Grill Inc. (T/A Mint Restaurant),
   **Docket No.: PR-0402-15**

Dear Hon. Rice:

Enclosed please find a copy of the fully executed Stipulation of Settlement in the
above-captioned matter.  By copy of this letter, an original Stipulation is being
forwarded to the Department of Labor's Monetary Services Unit and to the
Petitioner(s)' representative.

Very truly yours,

*Kathleen Dix (as)*
Kathleen Dix
Associate Attorney

KD:lh

Enclosures

cc:   Douglas E. Rowe, Esq. (with original)
      Desiree M. Gargano, Esq.
      Certilman Balin Adler & Hyman, LLP
      90 Merrick Avenue
      East Meadow, NY 11554



STATE OF NEW YORK DEPARTMENT OF LABOR
INDUSTRIAL BOARD OF APPEALS
-------------------------------------------------------------------- X

In the Matter of Petition of,

Bhupinder Sikka a/k/a Gary Sikka and Sandalwood
Bar N Grill Inc. (T/A Mint Restaurant),

                         Petitioners,

To review under Section 101 of the New York State
Labor Law:

Order to Comply No. 15-01017 issued October 14,
2015,

             -against-

THE COMMISSIONER OF LABOR,

                  Respondent.

-------------------------------------------------------------------- X

**STIPULATION OF
SETTLEMENT**

Docket No.
PR 15-402

## OTC No. 15-01017

       The above-named Parties ("Parties"), wishing to settle such matter in lieu of
hearing, hereby stipulate and agree as follows:

1) That the Order to Comply with Article 19 of the New York State Labor Law issued by
the Respondent to the Petitioners on or about October 14, 2015 (hereinafter
referred to as the "Minimum Wage Order"), being the subject of the above-captioned
matter is hereby amended by the Respondent, in consideration of the mutual
promises made herein, as follows:

    a) That upon new and credible evidence of a Stipulation and Order of Dismissal
with Prejudice on a federal suit regarding labor law violations to a class of
individuals, including Claimants Som N. Chaudhary and Rakesh Shrestha, filed
on or about December 12, 2015, the total amount of wages found to be due and
owing on the Minimum Wage Order shall be reduced from $10,407.94 to **$00.00**.
(*Pal v. Sandal Wood Barn Grill, Inc.*, No. 14-cv-00301 (TPG), 2015 U.S. Dist.
LEXIS 5279 (S.D.N.Y. Jan. 15, 2015))

    b) That the total amount of interest assessed in the Minimum Wage Order shall be
reduced from $6,462.18 to $00.00.

1

c) That the total amount of liquidated damages assessed in the Minimum Wage Order shall be reduced from $2,601.99 to $00.00.

d) That the amount of civil penalties imposed by such Minimum Wage Order shall be reduced from $10,407.94 to $00.00.

e) That the total amount due and owing from the Petitioners on such Minimum Wage Order shall be, by reason of the foregoing, reduced from $29,880.05 to $00.00.

2) That the Order to Comply with Article 6 of the New York State Labor Law issued by the Respondent to the Petitioners on or about October 14, 2015 (hereinafter referred to as the "Supplemental Wage Order"), being the subject of the above-captioned matter is hereby amended by the Respondent, in consideration of the mutual promises made herein, as follows:

a) That due to newly presented and credible evidence, the total amount of wages found to be due and owing on the Supplemental Wage Order shall be reduced from $115,440.00 to **$22,633.00**.

i) Due to credible evidence of a Stipulation and Order of Dismissal with Prejudice on a federal suit regarding labor law violations to a class of individuals, filed on or about December 12, 2015, the total amount of wages found to be due and owing on the Supplemental Wage Order to Claimants: Som N. Chaudhary, Ratna Prasad Regmi, Arina Romenskaya, Jaya Sharma, Rakesh Shrestha, Indra Thapaliya, and "Other Service Employee" shall be reduced to **$00.00**. (*Pal v. Sandal Wood Barn Grill, Inc.*, No. 14-cv-00301 (TPG), 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015))

ii) Wages found to be due and owing to Claimant Dilsheet Kaur have been reduced from $16,316.50 to **$00.00**.

iii) Wages found to be due and owing to Claimant Ravinder Kaur have been reduced from $16,316.50 to **$00.00**.

iv) Wages found to be due and owing to Claimant Atvinder Pat (a/k/a Atvinder Pal) have been reduced from $16,316.50 to **$6,316.50**.

v) Wages found to be due and owing to Claimant Kedar P. Bhetuval will remain **$16,316.50**.

b) That the total amount of interest assessed in the Supplemental Wage Order shall be reduced from $55,614.76 to $2,886.43.

c) That the total amount of liquidated damages assessed in the Supplemental Wage Order shall be reduced from $28,120.15 to $5,658.25.

2

MINT 000819

    d) That the amount of civil penalties imposed by such Supplemental Wage Order shall be reduced from $115,440.00 to $5,658.25.

    e) That the total amount due and owing from the Petitioners on such Supplemental Wage Order shall be, by reason of the foregoing, reduced from $314,614.91 to $36,835.93.

3) That the Order to Comply with Article 6 of the New York State Labor Law issued by the Respondent to the Petitioners on or about October 14, 2015 (hereinafter referred to as the "Unpaid Wage Order"), being the subject of the above-captioned matter is hereby amended by the Respondent, in consideration of the mutual promises made herein, as follows:

    a) That upon new and credible evidence of a Stipulation and Order of Dismissal with Prejudice on a federal suit regarding labor law violations to a class of individuals, including Claimant Som N. Chaudhary, filed on or about December 12, 2015, the total amount of wages found to be due and owing on the Unpaid Wage Order shall be reduced from $100.13 to **$00.00**. (*Pal v. Sandal Wood Barn Grill, Inc.*, No. 14-cv-00301 (TPG), 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015))

    b) That the total amount of interest assessed in the Unpaid Wage Order shall be reduced from $71.11 to $00.00.

    c) That the total amount of liquidated damages assessed in the Unpaid Wage Order shall be reduced from $25.03 to $00.00.

    d) That the amount of civil penalties imposed by such Unpaid Wage Order shall be reduced from $100.13 to $00.00.

    e) That the total amount due and owing from the Petitioners on such Unpaid Wage Order shall be, by reason of the foregoing, reduced from $296.40 to $00.00.

4) That the Order to Comply with Article 19 of the New York State Labor Law issued by the Respondent to the Petitioners on or about October 14, 2015, (hereinafter referred to as "Penalty Order"), being the subject of the above-captioned matter is hereby amended by the Respondent, in consideration of the mutual promises made herein, as follows:

    a) That the amount of civil penalties imposed by "Count 1" of such Penalty Order shall be reduced from $500.00 to $125.00.

    b) That the amount of civil penalties imposed by "Count 2" of such Penalty Order shall be reduced from $500.00 to $125.00.

3

MINT 000820

c) That the amount of civil penalties imposed by "Count 3" of such Penalty Order shall be reduced from $500.00 to $125.00.

d) That the amount of civil penalties imposed by "Count 4" of such Penalty Order shall be reduced from $500.00 to $125.00.

e) That the total amount due and owing from the Petitioners on such Penalty Order shall be, by reason of the foregoing, reduced from $2,000.00 to $500.00.

5) That by reason of the foregoing, the total amount due and owing from the Petitioners on the Minimum Wage Order, Supplemental Wage Order, Unpaid Wage Order, and the Penalty Order (hereinafter referred to collectively as ("Orders") shall be reduced from $346,791.36 to $37,335.93.

6) That in consideration of such amendments and reductions and other mutual promises made herein, the Petitioner(s) agree that the aforementioned sum of $37,335.93 shall be paid in the following manner:

a) A payment of **$4,000.00** to be paid on or before November 15, 2016;

b) A payment of **$2,111.78** to be paid on or before December 15, 2016;

   i) This represents a payment of $1,960.89 toward the total amount due and owing from the Petitioners on the Orders referred to in Paragraph 5, plus an additional statutory interest of $150.89.

c) Thereafter the remainder $31,375.04 to be paid in sixteen (16) monthly installments of **$2,111.83** each paid on or before the fifteenth of each month beginning on January 15, 2017, up to and including April 15, 2018.

   i) This represents a payment of $1,961.94 toward the total amount due and owing from the Petitioners on the Orders mentioned in Paragraph 5, plus an additional statutory interest of $150.89.

d) All such payments shall be made by certified check, bank check or money order made payable to **"The Commissioner of Labor."** *Petitioner must note the Order to Comply Number (OTC#), OTC #15-01017, on the memo line*. Payment is to be mailed or otherwise delivered to:

**Department of Labor, Monetary Services Unit**
**State Office Campus, Building 12, Room 185-B**
**Albany, NY 12240**

Payment shall be received by the Respondent on the date due or, in the event such date falls on a weekend or holiday, on the next business day thereafter.

4

e) That in the event one of the eighteen (18) payments is not received by the Respondent by one of the eighteen (18) date dues set forth above, the Respondent will send a written notice as follows: a representative of the Respondent will send notice of such lack of receipt to the Petitioners, by mail and fax, care of **Douglas E. Rowe, Esq., Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th floor, East Meadow, NY 11554, fax: (516) 296-7111**, or to any other person at any fax number or address later designated in writing by the Petitioners. The Petitioners will have fifteen (15) days after such notice is sent by the Respondent to cure the default. The Petitioners will only be afforded one notice of default and right to cure during the duration of the eighteen (18) month payment plan of the settlement amount of $37,335.93.

f) If such payment is not received by the due date set forth above, then **$61,682.95** shall become immediately due and payable less any monies previously paid pursuant to this Stipulation of Settlement and the Respondent may, without further notice to the Petitioners, pursuant to Labor Law §§ 218 and 219, file this Stipulation of Settlement with the county clerk of the county where any Petitioner resides or has a place of business, which filing shall have the full force and effect of a judgment duly docketed in the office of such clerk and which Stipulation of Settlement may be enforced by and in the name of the Respondent in the same manner, and with like effect, as that prescribed by the civil practice law and rules for the enforcement of a money judgment. Such money judgment may be obtained and enforced against any or all Petitioners, jointly and severally.

7) That in consideration of all mutual promises made herein, the Parties additionally and mutually agree as follows:

a) That the filing of this fully-executed Stipulation of Settlement with the Industrial Board of Appeals (IBA), by either the Petitioners or the Respondent, shall serve as notice to the IBA of the Petitioners' withdrawal of the Petition in the above-captioned matter.

b) That all Parties agree that this Stipulation of Settlement shall serve as final settlement of both the above-captioned matter and the Orders, and that no Party shall seek or take further review, action, redress or appeal of or regarding such matter or these Orders in or before the IBA or any other court or forum other than an action or actions taken by the Respondent pursuant to Paragraph 6(f) of this Stipulation of Settlement.

8) That the foregoing terms constitute the full and complete agreement among the Petitioners and the Respondent and no other promise, stipulation or agreement has been made by or between them, verbally or in writing.

9) The Respondent and the IBA may use an electronically transmitted copy of the signed stipulation for all purposes.

5

MINT 000822

IN WITNESS WHEREOF, this Stipulation is made in triplicate and the parties have affixed their signatures hereto:

Dated: September 22, 2016
New York, New York

Dated: _September 26th_, 2016

Roberta Reardon, Commissioner of Labor
By:   Roya Sadiqi, Esq.
New York State Department of Labor
75 Varick Street, 7th Fl
New York, NY 10013
(212) 775-3367

Dated: _September 23_, 2016

By:   Bhupinder Sikka a/k/a Gary Sikka
_Individual Petitioner_
On behalf of himself and
Sandalwood Bar N Grill Inc.
(T/A Mint Restaurant)

150 East 50th Street
New York, NY 10021
Phone: (917) 208-4027

6

MINT 000823