UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARLOS HERNANDEZ and ENRIQUE
MALDONADO, on behalf of themselves and
others similarly situated,

      Plaintiffs,

  -against-

GARY SIKKA, SANJAY GOYAL, MADHU
GOYAL, ABC CORP. d/b/a MINT
GARDEN CITY, JOHN DOE NO. 1 s/h/a
"SONNY", and JOHN DOE NO. 2 s/h/a
"JOEL",

      Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-4792 (SJF)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

  By way of Complaint filed on August 16, 2017, Plaintiffs Carlos Hernandez ("Hernandez") and Enrique Maldonado ("Maldonado," and together with Hernandez, "Plaintiffs"), on behalf of themselves and others similarly situated, commenced this wage and hour action against Defendants Gary Sikka, Sanjay Goyal ("Sanjay"), Madhu Goyal ("Madhu"), ABC CORP. d/b/a Mint Garden City, John Doe No. 1 s/h/a "Sonny" and John Doe No. 2 s/h/a "Joel," alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Plaintiffs' claims arise from Defendants' alleged failure to pay them minimum wage and overtime compensation in accordance with the FLSA and NYLL. *See generally id.* Presently before the Court, on referral pursuant to Rule 4(H) of the Honorable Sandra J. Feuerstein's Individual Rules (the "Individual Rules"), is

Plaintiffs' motion seeking an Order: (i) granting them leave to file an Amended Complaint naming Manmeet Sikka ("Manmeet") as a party defendant and containing the proper party names; (ii) removing Madhu as a party defendant in this action; and (iii) sanctioning Defendants "pursuant to the Court's inherent power to sanction improper conduct." *See* DE [34].

For the reasons set forth below, the Court grants Plaintiffs' motion for leave to amend the Complaint and denies their motion for sanctions. Before reaching the merits of those motions, however, the Court notes that the parties consent to amending the Complaint to include the proper party names as follows: (i) replacing Defendant ABC Corp. with Shri Guru Om Inc. ("Shri Guru Om" or "Mint"); (ii) replacing Defendant John Doe No. 1 with Nisarg Soni ("Soni"); and (iii) replacing Defendant John Doe No. 2 with Joyal Gonsalves ("Gonsalves"). *See* Plaintiffs' Memorandum of Law in Support of Motion to Amend Pleadings ("Pls.' Mem."), DE [34-18], at 11; Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Amend ("Defs.' Opp."), DE [38-14], at 1. Further, Defendants do not oppose Plaintiffs' request to replace Defendant Gary Sikka with Bhuphinder Sikka ("Bhuphinder," and collectively with Sanjay, Mahdu, Soni and Gonsalves, the "Individual Defendants") (the Individual Defendants together with Shri Guru Om, "Defendants"). *See* Pls.' Mem. at 11. Accordingly, the branch of Plaintiffs' motion seeking this relief is granted.

In addition, because Plaintiffs' request that Mahdu be dismissed from this action is dispositive in nature, and a similar application submitted by Defendants is

2

currently pending before Judge Feuerstein, *see* Memorandum of Law in Support of Defendants' Motion for Summary Judgment, DE [32-10], at 8-10, the Court does not deem that component of Plaintiffs' motion referred pursuant to Judge Feuerstein's Individual Rule 4(H). Consequently, this Court will not address the issue further. However, even if that application were referred by Judge Feuerstein, this Court would recommend that it be granted in light of Defendants' consent to such relief. *See* Pls.' Mem. at 11. Having addressed these preliminary issues, the Court must consider only: (i) Plaintiffs' motion to add Manmeet as a defendant; and (ii) Plaintiffs' motion for sanctions.

I. **RELEVANT BACKGROUND**

A. **The Parties**

Mint is a restaurant "serving Indo-Asian cuisine that employs about 20 people in its Garden City location." Compl. ¶ 35. Hernandez worked at Mint as a salad and food preparer from August 2012 through March 2017. *See id.* ¶ 45. Maldonado, who held the same position as Hernandez, worked at Mint from September 2014 through May 2017. *See id.* ¶ 48. According to the Complaint, the Individual Defendants are affiliated with Mint in various managerial capacities. More specifically, Plaintiffs allege that Bhuphinder, Sanjay and Madhu are corporate officers of Shri Guru Om and, as such, have operational control of the company. *See id.* ¶ 8, 10, 11, 13-15. Further, Plaintiffs allege, consistent with Defendants' prior submissions, that Manmeet, who was not identified in the original Complaint, is an owner of Shri Guru Om and is "responsible for overseeing the day to day operations of the business . . . ."

3

*See* Declaration of Manmeet Sikka in Opposition to Plaintiffs' Motion for Conditional Certification ("Manmeet Decl."), DE [17-1], ¶¶ 1, 2. Plaintiffs also contend that Soni and Gonsalves, as managers of Shri Guru Om, have control over its operations. *See* Compl. ¶¶ 16-19.

### B. Procedural History

As noted above, Plaintiffs commenced this action on August 16, 2017. *See* Compl. At a status conference on November 29, 2017, Judge Feuerstein set a May 10, 2018, deadline for completion of all discovery and referred outstanding discovery to this Court. *See* DE [10]. Thereafter, on February 13, 2018, this Court held an initial conference and entered a scheduling order containing additional deadlines. *See* DEs [12], [13]. During that conference, this Court also set a briefing schedule on Plaintiffs' anticipated motion for conditional certification of their FLSA claims. *See* DE [12].

On February 16, 2018, Plaintiffs moved for conditional certification. *See* DE [14]. Several days later, Plaintiffs filed an amended motion seeking certification of an expanded putative collective class, namely, all employees of Mint. *See* DE [15]. On March 6, 2018, Defendants filed opposition to the motion, which included a sworn written statement of Manmeet providing, *inter alia*, that he is the owner of Mint and the person responsible for overseeing the restaurant's daily operations. *See* DE [17]; Manmeet Decl. ¶¶ 1, 2. Plaintiffs filed a reply on March 13, 2018. *See* DE [18]. At a hearing on April 20, 2018, this Court denied Plaintiffs' motion, reasoning that the facts set forth in support were insufficient to warrant certification. *See* DE [19].

By letter dated April 23, 2018, Plaintiffs requested a status conference "so that they [could] be heard on a host of discovery issues." *See* DE [20]. The following day, this Court scheduled a status conference for May 3, 2018. *See* Electronic Order dated April 24, 2018. At the May 3, 2018 conference, this Court: (i) set new deadlines for written discovery and depositions; (ii) ordered Defendants to produce NY-45 tax forms and Department of Labor files and pay stubs; and (iii) ordered Defendants to either produce timestation.com GPS records, consent that Plaintiffs were present at work on the dates alleged, or explain why they are unable to obtain such records. *See* DE [25]. Moreover, the Court directed the parties to letter-brief their dispute concerning Plaintiffs' application for Shri Guru Om's federal tax returns. *Id.* Plaintiffs subsequently filed a letter motion to compel such records, which Defendants opposed. *See* DE [21], [22]; *see also* DEs [23], [24]. This Court denied Plaintiffs' motion by Electronic Order dated May 10, 2018. Depositions of all parties except Mahdu then proceeded throughout May, notwithstanding the May 10, 2018, discovery end date set by Judge Feuerstein.[1] *See* Declaration of Desiree M. Gargano in Opposition to Plaintiffs' Motion to Amend ("Gargano Decl."), DE [38-1], ¶¶ 17-23. Manmeet was deposed as the corporate representative of Shri Guru Om on May 9, 2018. *See id.* ¶ 18.

On July 6, 2018, the parties submitted a joint letter requesting an extension, from July 10, 2018, through August 17, 2018, of the deadline to file dispositive motions. *See* DE [26]. In that letter, the parties explained that "there was a mutual

---

[1] To date, neither side has requested an extension of the May 10, 2018 discovery end date.

5

misunderstanding in connection with the deadline as worded in the Order, [and that they] ha[d] been attempting to negotiate a settlement of Plaintiffs' claims since the close of discovery." *See id.* at 1. They further advised the Court that their settlement discussions were ultimately unsuccessful. *See id.* In addition, the parties informed the Court of Plaintiffs' intention to move for leave to amend their Complaint. *See id.* at 2.

In response to the parties' joint letter, on July 9, 2018, Judge Feuerstein extended the deadline to file dispositive motions and set a briefing schedule on the parties' respective anticipated motions for summary judgment as well as Plaintiffs' anticipated motion for leave to amend the Complaint. *See* Electronic Order dated July 9, 2018. After the original briefing schedule was modified on consent, on August 24, 2018, Plaintiffs filed papers in support of both the instant motion and their motion for summary judgment as against Defendants as well as Manmeet. *See* DEs [32], [34], [36], [37]. On the same date, Defendants submitted their fully-briefed motion for partial summary judgment seeking dismissal of Plaintiffs' claims against Madhu, Sanjay and Bhuphinder, on the basis that they were not employers of Plaintiffs under the FLSA and NYLL. *See* DE [33].[2]

On August, 27, 2018, Defendants moved by letter motion for sanctions based upon Plaintiffs' failure to electronically file Defendants' papers in opposition to each motion as mandated by Judge Feuerstein's "Bundle Rule." *See* DE [38]; *see also* Individual Rule 4(B)(iii). Defendants also filed the opposition papers at issue as

---

[2] The parties' respective motions for summary judgment remain pending before Judge Feuerstein.

attachments to their letter motion for sanctions. *See* DE [38]. On August 28, 2018, Judge Feuerstein denied Defendants' request for sanctions but indicated that the Court would consider the papers attached to their letter motion for sanctions as opposition to Plaintiffs' motions. *See* Electronic Order dated August 28, 2018.

## II. LEGAL STANDARDS

### A. Leave to Amend and to Add Parties

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion." (internal quotation omitted)); *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Motions to add parties are governed by Fed. R. Civ. P. 21 and are evaluated under the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see Amaya*, 285 F.R.D. at 253 ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

In general, a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served

7

with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 228 (1962)); *see Alexandre v. Town of Hempstead*, 275 F.R.D. 94, 97 (E.D.N.Y. 2011) (citing *Foman*, 371 U.S. at 182, 83 S. Ct. at 228). The party opposing a motion to amend typically bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-cv-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'" (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012))). Nevertheless, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice," *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citation omitted), and "[i]n instances where . . . a considerable amount of time has passed between filing the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his or her neglect and delay." *In re Kessler*, 2009 WL 2603104, at *6 (alterations in original) (quoting *Phaneuf v. Tenneco, Inc.*, 938 F.Supp. 112, 115 (N.D.N.Y. 1996)). Ultimately, the Court "must weigh good cause shown for the delay in moving, *vis a vis* dilatoriness of counsel resulting in last minute surprise and inability of opposing counsel to meet the tendered issue." *Evans*, 704 F.2d at 47 (citation omitted).

**B. Sanctions**

"The Court . . . has the inherent power to sanction for improper conduct, which derives from 'the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 374 (E.D.N.Y. 1997) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)). "A court may . . . sanction a litigant pursuant to its inherent authority if there is clear evidence that the . . . conduct [in question] was (1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (citation and internal quotation marks omitted), *cert. denied sub nom.*, No. 18-991, 2019 WL 888149 (U.S. Feb. 25, 2019). In addition, "the imposition of sanctions pursuant to . . . the Court's inherent power[ ] requires a finding of bad faith." *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-cv-4762, 2019 WL 111042, at *3 (S.D.N.Y. Jan. 4, 2019) (citation omitted). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the [individual] whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). Bad faith may be inferred "when a party undertakes frivolous actions that are 'completely without merit.'" *Huebner*, 897 F.3d at 55 (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000)). Yet, "[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be

9

supported by a high degree of specificity in the factual findings." *Id.* In deciding whether to issue sanctions pursuant to its inherent power, the Court has broad discretion. *See United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018).

## III. DISCUSSION

Applying the standards outlined above, and for the reasons set forth below, the Court grants Plaintiffs' motion for leave to amend the Complaint and denies their motion for sanctions.

### A. **Plaintiffs' Motion for Leave to Amend**

In support of their application to add Manmeet as a party defendant, Plaintiffs contend that their proposed amendment is warranted because they learned the full nature of Manmeet's position and duties at Mint during discovery in this matter. *See* Memorandum of Law in Support of Motion to Amend Pleadings ("Pls.' Mem."), DE [34-18], at 4. Moreover, Plaintiffs assert that their proposed amendment would neither be futile nor result in prejudice to Defendants given Manmeet's active participation in discovery. *See id.* at 5-7. Defendants do not challenge Plaintiffs' argument regarding lack of futility in their opposition. Instead, they assert only that the motion should be denied based on undue delay, bad faith and prejudice to Defendants. *See* Defs.' Opp. at 6-8. Having evaluated the parties' competing arguments, the Court concludes that Plaintiffs' proposed amendment to the

10

Complaint adding Manmeet as a party defendant is justified at this juncture and, thus, grants the motion.[3]

As an initial matter, it is evident from Defendants' own pleadings and undisputed that Manmeet is an owner of Shri Guru Om and has control over Mint's day-to-day operations. *See e.g.*, Manmeet Decl. ¶¶ 1, 2. It is therefore conceivable that he served as Plaintiffs' "employer" under the FLSA and NYLL and, hence, could be subject to personal liability in connection with Plaintiffs' claims. *See* 29 U.S.C. § 207(a)(1) (providing that any "employer" under the FLSA who violates the statute's provisions may be held liable for such unlawful conduct); *id.* § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .").[4] Accordingly, the addition of Manmeet as a party defendant would not be futile.

Further, the Court finds insufficient evidence of either bad faith on the part of Plaintiffs or undue prejudice to warrant denial of leave to amend. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Mere delay . . . , absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny

---

[3] This Court has the authority under Second Circuit law to grant Plaintiffs' motion for leave to amend pursuant to 28 U.S.C. § 636(b)(1)(A). *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as . . . motion[s] to amend the complaint, to a magistrate judge for decision without the parties' consent."); *see also Torres v. DJ Southhold, Inc.*, No. 17-cv-5123, 2018 WL 3653156, at *1 (E.D.N.Y. July 31, 2018) ("As Magistrate Judge Shields determined, *inter alia*, that plaintiff's motion to amend should be granted, the motion is nondispositive . . . .").

[4] The NYLL's definition of "employer" mirrors that of the FLSA. *See* NYLL §§ 190(3), 651(6). District courts in this Circuit have therefore "consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA.'" *Inclan v. New York Hosp. Grp.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (quoting *Ho v. Sim Enters. Inc.*, 11-cv-2855, 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014)); *see Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) ("New York's Labor Law is the state analogue to the federal FLSA").

the right to amend."). "When considering whether the defendant . . . will be unduly prejudiced by the proposed amendment [to the pleadings], the Court must consider whether the proposed amendment . . . would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *In re Kessler*, No. 05-cv-6056, 2009 WL 2603104, at *7 (E.D.N.Y. Mar. 27, 2009) (citations and internal quotation marks omitted); *see Chiaro v. Cty. of Nassau*, No. 09-cv-3702, 2011 WL 3702110, at *7 (E.D.N.Y. Aug. 23, 2011) ("The court may deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." (citation and internal quotation marks omitted)), *aff'd sub nom.*, 488 F. App'x 518 (2d Cir. 2012); *see also Manney v. Reichert*, No. 13-cv-4413, 2014 WL 4805046, at *10 (E.D.N.Y. Sept. 26, 2014) ("Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." (citations omitted)).

Initially, the Court does not consider Plaintiffs' delay in moving to amend the Complaint to be inordinate. *See Chiaro*, 2011 WL 3702110, at *7. Indeed, Plaintiffs expressed to the Court their intention of adding Manmeet as a party defendant through the joint letter dated July 6, 2018—less than one year after this action was

commenced. *See* DE [26] at 2. Perhaps more significantly, Plaintiffs raised the prospect of amendment only four months after they first became aware of Manmeet's role at Mint, two months after Manmeet testified at a deposition on behalf of Shri Guru Om, and six weeks after depositions in this matter were completed.[5] *See* Gargano Decl. ¶¶ 19, 23. The Court is unpersuaded by Defendants' argument that Plaintiffs were obligated to add Manmeet as a defendant immediately after his declaration was submitted in opposition to the motion for conditional certification, or else lose their right to do so. *See, e.g.*, Defs.' Opp. at 7. Thus, considering Plaintiffs' representation that the testimony of various Defendants informed their decision to seek leave to amend, *see, e.g.*, Reply Memorandum of Law in Support of Motion to Amend Pleadings, DE [37-2], at 4, the Court finds the delay justifiable. *Accord State Teachers Ret. Bd. v. Flour Corp.*, 654 F.2d 843, 845-46 (2d Cir. 1981) (permitting amendment three years after action commenced); *Middle Atl. Utilities Co. v. S. M. W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir. 1968) (same); *Hall v. N. Bellmore Union Free Sch. Dist.*, No. 08-cv-1999, 2010 WL 1049280, at *1 (E.D.N.Y. Mar. 18, 2010) (two years), *on reconsideration*, 2010 WL 2267399 (E.D.N.Y. May 30, 2010).

Similarly, Defendants' charges of bad faith and undue prejudice lack adequate support. Although Defendants insist that Plaintiffs intentionally waited until the conclusion of discovery to file their motion to amend in an "underhanded effort to preclude Defendants from fully developing any potential affirmative defenses in

---

[5] Contrary to Defendants' contention, *see* Defs.' Opp. at 3, there is no indication in the record that it was solely Plaintiffs who caused a majority of depositions to proceed after the discovery deadline.

13

connection with possible claims," Defs.' Opp. at 6, they offer no evidence that the delay was deliberate, nor do they identify which affirmative defenses would require additional support. Defendants' contention that Plaintiffs acted in bad faith is further undermined by the parties' joint representation to the Court that settlement discussions were ongoing since the close of discovery. *See* DE [24].

Defendants' claim that the addition of Manmeet as a party defendant would require them to expend significant additional resources to conduct discovery and prepare for trial is likewise unavailing. Given Manmeet's role at Mint and his involvement in this litigation, and because the proposed Amended Complaint does not contain any new causes of action, *see* DE [34-17], Defendants unquestionably have "knowledge of the facts giving rise to the proposed claim[,]" which "weighs in favor of permitting amendment." *Murphy v. Suffolk Cty. Cmty. Coll.*, No. 10-cv-0251, 2011 WL 5976082, at *3 (E.D.N.Y. Nov. 29, 2011). Moreover, Plaintiffs are not seeking further discovery in connection with their application. *See* Defs.' Opp. at 7. And although Defendants maintain that they would need to serve additional written discovery demands and re-depose Plaintiffs if amendment were permitted, Defendants make no attempt to describe, much less identify in any manner, the specific discovery needs that would be triggered. Defendants have therefore failed to satisfy their burden to show undue prejudice.[6] Accordingly, applying the exceedingly

---

[6] While Defendants do not specifically assert that their inability to move for summary judgment as to Manmeet would result in undue prejudice, the Court has nevertheless considered this argument and finds it implausible given the evidence in the record supporting a finding that Manmeet was Plaintiffs' employer under the FLSA and NYLL. *See, e.g.*, Manmeet Decl. ¶¶ 1, 2.

14

liberal standard under Fed. R. Civ. P. 15(a) and 21, the Court grants Plaintiffs' motion for leave to amend the Complaint.

### B. **Plaintiffs' Motion for Sanctions**

The Court next turns to Plaintiffs' motion for sanctions. In support of their application, Plaintiffs assert that neither Soni, Gonsalves, Bhupinder nor Sanjay "participate[d] in discovery." *See id.* at 8-11. That is, Plaintiffs claim that sanctions are appropriate based on these Defendants' lack of preparedness for their respective depositions and their failure to personally provide responses to written discovery demands. *See id.* In addition, Plaintiffs cite "Defendants' failure to provide the GPS records despite the Court's Order to do so[,] [and Defendants'] failure to provide material and relevant discovery like the relevant corporate documents and reservation books (which reflect the times Mint was open)" as grounds for sanctions. *Id.* Plaintiffs also characterize as sanctionable conduct Defendants' refusal to consent to the addition of Manmeet as a party defendant. *See id.* at 7-8. As explained below, these contentions lack merit and do not justify an award of sanctions. Plaintiffs' motion is therefore denied.[7]

Plaintiffs' argument predicated on Defendants' purported "discovery abuses" fails for two independent reasons. As a threshold matter, Plaintiffs' application is

---

[7] Although "[t]here is some uncertainty in this Circuit concerning a [m]agistrate [j]udge's authority to sanction a litigant pursuant to the [c]ourt's inherent powers[,]" *Kriss v. Bayrock Grp., LLC*, No. 10-cv-3959, 2015 WL 1305772, at *8 (S.D.N.Y. Mar. 23, 2015), this Court and others have previously concluded that an order denying a request for monetary sanctions is non-dispositive in nature, *see Sweetwater Estates, Ltd. v. Carpenter*, No. 16-cv-1578, 2018 WL 1175158, at *1 n.1 (E.D.N.Y. Mar. 6, 2018); *Goodwin v. MTA Bus Co.*, No. 14-cv-4775, 2017 WL 1082408, at *1 (E.D.N.Y. Mar. 22, 2017). Accordingly, this Court may render its decision on Plaintiffs' motion for sanctions without the parties' consent.

precluded under Rule 5(D) (formerly 5(C)) of Judge Feuerstein's Individual Rules, which provides that "[a] party must bring to the Court's attention the failure of any other party to comply with a discovery request or deadline within ten (10) days of the failure to comply or that party will be deemed to have waived such discovery." *See Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union, United Food & Commercial Workers*, No. 13-cv-07187, 2015 WL 5158487, at *6 (E.D.N.Y. May 15, 2015) (recommending denial of motion for discovery sanctions in light of moving party's failure to comply with Rule 5(C)), *report and recommendation adopted*, 2015 WL 5158511 (E.D.N.Y. July 2, 2015). As this Court noted in *Diaz*:

> Rule 5(C) exists for the prophylactic purpose of preventing abandoned discovery disputes from being pursued anew at the eleventh hour, and from offering parties that are displeased with the results of discovery a means of injecting uncertainty into the process after its closure. The Rule establishes a mechanism by which discovery disputes timely brought before the Court are resolved, and correspondingly for discarding as expired those that are not. No matter the sheep's clothing in which [the] [p]laintiff attempts to dress his motion, it is one stemming from perceived failures by the [defendant] to comply with the rules of discovery.

*Id.* at *6. Here, as in *Diaz*, Plaintiffs' motion for sanctions stems predominantly from perceived failures by Defendants to comply with applicable discovery obligations. Consequently, each such alleged deficiency could have been, but was not, raised by Plaintiffs within the time provided by Rule 5(D). The fact that Soni's, Gonsalves's, Bhupinder's and Sanjay's depositions occurred after the close of discovery does not somehow obviate Rule 5(D)'s applicability. Accordingly, the Court considers Plaintiffs' discovery-based arguments offered in support of their motion for sanctions waived, and denies the motion on that basis.

But even assuming, *arguendo*, that Rule 5(D) did not bar the instant application for sanctions, Plaintiffs have not established that any of Defendants' conduct was entirely without color, motivated by improper purposes and undertaken in bad faith. *See Huebner*, 897 F.3d at 56; *Automated Mgmt.*, 2019 WL 111042, at *3. Instead, the inaction of Soni, Gonsalves, Bhupinder and Sanjay relied upon in support of Plaintiffs' motion amounts to, at worst, a lack of diligence and preparedness on their part. *See, e.g.*, Pls.' Mem. at 8 ("Soni testified that he was only advised about this lawsuit the night before his deposition . . . ."); *id.* at 9 ("[Gonsalves] learned about this lawsuit only hours before his deposition . . . ."); *id.* at 10 ("[Bhuphinder] was never asked to provide any documents called for in Plaintiff's Notice for Discovery and Inspection."); *id.* at 11 ("[Sanjay] testified that he has never seen Plaintiff's notice for D&I and was never asked to produce any documents."). The record is devoid, however, of evidence that any of these Defendants' actions were—as they must be to warrant sanctions pursuant to the Court's inherent power—without "legal or factual basis," "frivolous," or "completely without merit." *Wolters Kluwer*, 564 F.3d at 114; *Huebner*, 897 F.3d at 55. Thus, Plaintiffs' motion for sanctions is also denied on this alternative basis.[8] Notwithstanding this conclusion, Plaintiffs remain free to question Defendants regarding the extent of their participation in discovery on cross-examination at trial.

---

[8] As Plaintiffs have identified no support for the theory that Defendants' refusal under the circumstances to consent to the addition of Manmeet as a party defendant constitutes sanctionable conduct, the Court likewise rejects that argument.

17

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' motion for leave to amend the Complaint and denies their motion for sanctions.

Dated: Central Islip, New York
       March 15, 2019                            **SO ORDERED**

                                                          <u>s/ Steven I. Locke</u>
                                                          STEVEN I. LOCKE
                                                          United States Magistrate Judge